(22 Misc. Rep. 370.)

### BRANDOW v. VROMAN et al.

(Supreme Court, Special Term, Albany County. January, 1898.)

1. PROCESS—SERVICE—JURISDICTION.
   Under Code Civ. Proc. § 416, declaring that a civil action is commenced by the service of a summons; and section 1670, providing that, when a lis pendens is filed with the complaint before the summons is served, personal service thereof must be made within 60 days after the filing, or else, before expiration of said time, publication of the summons must be commenced,—the failure to serve the summons either personally or by publication within the 60 days does not affect the jurisdiction of the court over defendants, served more than 60 days after filing complaint and lis pendens, but only the lis pendens.

2. SAME—SERVICE BY PUBLICATION—OBJECTIONS.
   Where service of summons by publication was sought against one who was a proper, but not a necessary, defendant, other defendants who will not be prejudiced by defective service thereof have no standing to claim that, because a complaint was not verified, the order to publish the summons was not founded upon a verified complaint, as required by Code Civ. Proc. § 439.

Action by Charles S. Brandow against Jesse O. Vroman and others. Motion to set aside service of summons. Denied.

Eugene E. Howe (J. S. Frost, of counsel), for the motion.
A. C. Cowles (Josiah C. Tallmadge, of counsel), opposed.

CHESTER, J. This action is brought for the foreclosure of a mortgage made by the defendant Jesse O. Vroman to the plaintiff. Before the commencement of the action, a receiver of Vroman's property was appointed, and such receiver is a party defendant.

The defendants William W. and Josiah Zelie, as executors, are the holders of a second mortgage upon the premises covered by the mortgage sought to be foreclosed. The complaint and a notice of the pendency of the action were filed in the clerk's office June 5, 1897. The summons was personally served upon the defendant Josiah Zelie, as executor, August 18, 1897, and on the defendant William W. Zelie, as executor, August 25, 1897, and also on other defendants more than 60 days after June 5, 1897. The plaintiff has procured an order to serve the summons upon the defendant Jesse O. Vroman by publication, on the ground that he was not a resident of the state; and such publication was commenced on the 5th day of August, 1897. The defendants Zelie, as executors, now appear specially, and move to set aside the service of the summons upon them, on the ground that it was not personally served on them or on any of the defendants within 60 days from the date of filing the notice of pendency of the action, and that such service by publication was not commenced within such 60 days, as required by section 1670 of the Code of Civil Procedure. They also move to vacate the order of publication, upon the ground that it was not founded upon a verified complaint, as required by section 439 of the Code of Civil Procedure.

It is insisted in support of the first branch of this motion that, because of the failure to serve the summons either personally or by publication within the 60 days required by said section 1670, the court has no jurisdiction of the defendants Zelie. I think, however, that this view cannot be sustained, and that the only effect of the failure to serve the summons within the 60 days after filing notice of pendency of the action is that the notice so filed loses whatever force or effect it otherwise would have had. The jurisdiction of the court over the defendants making this motion was complete when the summons was personally served upon them, and as to them the action was commenced at that time. Code Civ. Proc. § 416. The failure to serve the summons within the 60 days required by section 1670 does not affect the jurisdiction, but the lis pendens. While the latter has lost its force and effect by reason of the failure to serve the summons within 60 days, there is nothing in the way of filing a new notice; and the plaintiff will be required, of course, at least 20 days before final judgment, to file such notice in order to entitle him to judgment. Code Civ. Proc. § 1631. The first branch of the motion must therefore fail.

As to the other branch of the motion, it may be conceded that there was no legal verification of the complaint, and that the order to publish the summons was not founded upon a verified complaint, as required by section 439 of the Code of Civil Procedure, as is asserted by the defendants Zelie in support of this motion; yet I think they are not in a position to take advantage of this defect. While the defendant Vroman is the mortgagor, he is not the owner of the equity of redemption, but the receiver of his property is such owner. Vroman was therefore a proper, but not a necessary, defendant. The receiver of Vroman being the owner of the equity of redemption, and a party defendant, the presence of Vroman is not

essential to a complete foreclosure of such equity. Nor will the interest of the defendants Zelie to have a marketable title offered on the sale be prejudiced by the failure to cure a defect which does not impair such title. For these reasons, I think they have no standing, as the owners of the second mortgage, to complain of the defective service of the summons on Vroman. The motion is denied, with costs.

Motion denied, with costs.