getting rid of her entirely, and that by their influence and inducements they finally accomplished this latter purpose. Upon all the testimony it was certainly a question for the jury whether their wrongful influence and inducements were the cause of Kuhn's finally abandoning the plaintiff. Remsen v. Hay, 14 Wkly. Dig. 443. They cannot escape the consequences of their acts upon the plea of parental solicitude. While we may sympathize with them as parents, we cannot justify the means which they adopted to effect a partial rehabilitation of their daughter at the expense of an innocent wife.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

RUMSEY and PATTERSON, JJ., concur. VAN BRUNT, P. J., and INGRAHAM, J., dissent.

---

(43 App. Div. 196.)

### COHEN v. LEVY et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

LIS PENDENS—CANCELLATION OF NOTICE—REFILING.

    Under Code, §§ 1670, 1674, providing that the court may, in its discretion, cancel a notice of pendency of action on the ground of unreasonable delay in prosecuting the action, when a notice has been canceled another such notice cannot be filed in the same action, so long as the canceling order remains in force and unreversed.

Appeal from special term, New York county.

Action by Max Cohen, trustee in bankruptcy of Jacob Cohen and Morris Levy and others, against Jacob Levy, Bernard Ratkowsky, and others. From an order denying defendants' motion to cancel a notice of pendency of action (58 N. Y. Supp. 721), defendant Ratkowsky appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Gustavus A. Rogers, for appellant.
Leopold Jaches, for respondent.

McLAUGHLIN, J. Upon the 17th of February, 1899, the plaintiff filed a notice of the pendency of the action, and two days later he filed an amended notice. A motion was subsequently made by one of the defendants to set aside and cancel of record both the original and amended notice, and they were upon the 28th of April, 1899, by an order duly entered on that day, canceled upon the ground that the "plaintiff had unreasonably neglected to proceed with the action." On the 4th of May following, the plaintiff filed another notice of pendency of the action, and the defendant Bernard Ratkowsky moved to set that aside. The motion was denied, and he has appealed.

Section 1670 of the Code of Civil Procedure provides that a notice of the pendency of an action may be filed with the complaint before service of the summons, but in that case personal service of the summons must be made upon a defendant within 60 days after the

filing, or else, before the expiration of the same time, publication of the summons must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor as provided by law.     It is admitted, or at least not denied, that none of the defendants was served with the summons within 60 days after the original and amended notices were filed, either within or without the state, and that publication of the summons was not commenced within that time.     Section 1674 of the Code of Civil Procedure provides, among other things, that, if the plaintiff filing the notice unnecessarily neglect to proceed with the action, the court may, in its discretion, upon the application of any person aggrieved, direct that the notice of pendency of the action theretofore filed be canceled. Ratkowsky was an interested party.     He had title to or an interest in the property affected by the notice, and therefore was a person aggrieved, within the meaning of the statute.     The court, upon his application, in the exercise of its discretion, set aside and canceled the notices upon the ground, as we have already seen, that the plaintiff had unnecessarily neglected to proceed with the action.     This was an adjudication upon that subject, and determined the rights of the parties, so far as they were or could be affected by the filing of a notice of the pendency of the action.     The order was the law of the case, and so long as it remained in force the plaintiff could not file another notice.     If the plaintiff was not satisfied, he should have appealed from the order.     He could not destroy the effect of it in the manner attempted.     To hold otherwise would render nugatory the benefits sought to be conferred by the statute.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to set aside and cancel the notice granted, with $10 costs.     All concur.