(114 App. Div. 795)

### LEVY v. KON et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

LIS PENDENS—NOTICE—CANCELLATION.

    Code Civ. Proc. § 1670, provides that where a lis pendens is filed personal service must be made or publication of summons commenced within 60 days. Section 1674 provides that if plaintiff, after filing notice, unreasonably neglects to proceed, the court may, in its discretion, direct that the notice be canceled upon the application of any party aggrieved. *Held*, that a motion of a defendant to cancel a notice was properly denied, where the reason that he had not been served was that neither he nor his place of residence could be found, and he refused to disclose it.

Appeal from Special Term, Kings County.

Action by Sadie Levy against Sarah Kon and Charles Tasman. From an order denying defendant Tasman's motion to cancel a lis pendens, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Louis Lichtenberg, for appellant.
Frederick Klein, for respondent.

GAYNOR, J. This suit is to impress a trust on real property owned by the appellant. Section 1670 of the Code of Civil Procedure provides that where a lis pendens is filed personal service of the summons must be made on "a defendant" within sixty days thereafter, "or else, before the expiration of the same time, publication of the summons must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor, as prescribed in chapter fifth of this act."

It will be noticed that this does not provide for the case of substituted service on a resident defendant who cannot be found, or who avoids service, as prescribed by section 435 of chapter 5.

Section 1674 provides that if the plaintiff after filing the notice "unreasonably neglects to proceed in the action, the court may, in its discretion," direct the notice to be cancelled "upon the application of any person aggrieved."

These two sections are to be read together, and the remedy of a person aggrieved by failure to serve the summons is under the latter

(Cohen v. Ratowsky, 43 App. Div. 196, 59 N. Y. Supp. 344), and "the court may, in its discretion," cancel the notice.

The learned justice below exercised his discretion properly in denying the motion. The moving defendant professes to be aggrieved that he has not been served with the summons, but the reason is that neither he nor his place of residence can be found, and he refuses to disclose it. His default having been taken on this motion, the attorney for the plaintiff offered to open it if the attorney who appears for the said defendant specially for the purposes of this motion would give him the residence of the said defendant, but he refused. Let the said defendant give his residence, or else appear in the action, and he will no longer be "aggrieved." He is the sole cause of his being aggrieved. The plaintiff has exercised due diligence in trying to find him.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.

HOOKER, J., concurs. HIRSCHBERG, P. J., and RICH and MILLER, JJ., concur in result.