LIPSCHUTZ v. HORTON.

(Supreme Court, Special Term, Nassau County. May, 1907.)

**1. LIS PENDENS—NOTICE—SUCCESSIVE NOTICES—SERVICE OF SUMMONS.**

Code Civ. Proc. § 1670, providing that a notice of pendency of action may be filed with the complaint before the service of the summons, but in that case personal service of the summons must be made on a defendant within 60 days after the filing, or else before the expiration of the same time publication of the summons must be commenced or service thereof must be made without the state, does not permit the filing of successive notices, so as to enable plaintiff to obtain the benefit of a notice of pendency of action indefinitely without service of the summons.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Lis Pendens, § 25.]

**2. SAME—FAILURE TO SERVE SUMMONS—CANCELLATION OF NOTICE.**

Where plaintiff fails to serve the summons in an action within 60 days after filing a lis pendens, as provided by Code Civ. Proc. § 1670, defendant may, under the express provisions of section 1674, apply to the court for the cancellation of the notice on the ground that plaintiff has unreasonably neglected to proceed in the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lis Pendens, §§ 29, 33.]

**3. COURTS—RULES OF DECISION—DECISION IN SAME CASE AS LAW OF THE CASE.**

Where plaintiff, after filing a lis pendens, failed to serve the summons within 60 days, as provided by Code Civ. Proc. § 1670, and subsequently filed another notice, an order canceling the original notice determined the rights of the parties so far as they could be affected by the filing of the notice, and became the law of the case; plaintiff having no right to file another notice while the order remained in force.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 340.]

Action by Samuel S. Lipschutz against Samuel J. Horton and Arrender Smith. Motion by defendant Smith to cancel notice of pendency of action, to dismiss the complaint, and for other relief. Motion to vacate notice granted.

William H. E. Jay, for the motion.
Moses Jaffe, opposed.

SCUDDER, J. On December 20, 1906, plaintiff filed a notice of pendency of action, with directions to the clerk to index the same against both defendants. The summons had not been served on either defendant. On January 22, 1907, the defendant Horton died. Although defendant Smith appears to have been within the state and made no attempt to evade personal service of summons, the plaintiff allowed 56 days to elapse without making any effort to serve him, and on February 15, 1907, filed another notice of pendency of action, which was an exact copy of the first. After the filing of the second notice, plaintiff still made no effort to serve the summons, but allowed 60 days to elapse, and on the sixtieth day, April 16, 1907, filed a third notice of pendency of action. On May 11, 1907, the defendant Smith procured an order canceling the first and second notices of pendency of action. The present motion is to cancel the third notice, which was filed on April 16th.

Section 1670 of the Code of Civil Procedure provides that a notice of pendency of action "may be filed with the complaint before the service of the summons; but, in that case, personal service of the summons must be made upon a defendant, within sixty days after the filing, or else, before the expiration of the same time, publication of the summons must be commenced, or service thereof must be made without the state pursuant to an order obtained therefor." This section only authorizes the filing of one notice, and requires the service of the summons within 60 days after the filing of that notice. It does not permit the filing of successive notices, so as to enable plaintiff to obtain the benefit of a notice of pendency of action indefinitely without service of the summons. The injustice and hardship which would be occasioned by such procedure, if it were permissible, need not be commented upon. The notices filed in this case subsequent to the original notice were unauthorized, and defendant is entitled, therefore, to have them canceled.

Where plaintiff fails to serve the summons within 60 days after filing the notice, as provided by section 1670, the defendant aggrieved may apply to the court, under section 1674 of the Code, for the cancellation of the notice upon the ground that plaintiff has unreasonably neglected to proceed in the action. See Levy v. Kon, 114 App. Div. 795, 100 N. Y. Supp. 205. It is questionable, however, if plaintiff's failure to serve the summons within the required time can also be regarded as a failure to prosecute the action, which would entitle defendant to dismissal of the complaint. The cancellation of the notice would seem to be a sufficient remedy. The order in this case canceling the original notice determined the rights of the parties so far as they could be affected by the filing of a notice of pendency of the action. This or-

der, until it is reversed on appeal, is the law of the case, and the plaintiff has no right to file another notice while such order remains in force. See Cohen v. Ratkowsky, 43 App. Div. 196, 59 N. Y. Supp. 344.

Motion to vacate notice of pendency of action granted, with $10 costs.