(121 App. Div. 260)

## STEINMETZ v. KINDRED et al.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

Lis Pendens—Notice—Cancellation.

Code Civ. Proc. § 1670, permits notice of lis pendens to be filed with the complaint before the service of summons, but requires in that case that the summons be served personally on "a defendant" within 60 days after such filing, or that publication of the summons be commenced or service thereof made without the state pursuant to an order therefor. Under section 1674, if plaintiff, after filing the notice, unreasonably neglects to proceed in the action, the court may, upon application of any person aggrieved, direct that the notice be canceled. *Held*, in a suit to enforce specific performance of a contract to convey land, where personal service was made on one or more defendants, but not on the owner of the land for more than two months after the time limit, that the service on the other defendants did not prevent her moving to cancel the notice, and that service of summons upon her, after making the affidavit for her motion to cancel the notice and before notice of the motion was served, did not enable the court to deny her motion as matter of discretion, in view of the long neglect, and the fact that she did not make the contract sued on.

Hirschberg, P. J., and Rich, J., dissenting.

Appeal from Special Term, Kings County.

Suit by Christian Steinmetz against Mary E. Kindred, impleaded, etc. From an order denying a motion to cancel a notice of lis pendens, defendant Kindred appeals.  Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

L. H. Doorley, for appellant.
Hulbert & Webb, for respondent.

GAYNOR, J.  This is a suit to enforce specific performance of a contract to convey real estate.  The appellant is the owner of the real estate, but did not make the contract.  Section 1670 of the Code of Civil Procedure permits a notice of the pendency of the action to be filed with the complaint before the service of the summons, but requires, in that case, that the summons be served personally on "a defendant" within 60 days after such filing, or else that publication of the summons be commenced or service thereof be made without the state, pursuant to an order for that way of service.  Personal service was made on one or more of the other defendants but not on the appellant within the time limited, nor for over two months thereafter; nor was such substituted service made or begun.  Such service on other defendants did not stand in the way of her moving to cancel the notice; that she was not served sufficed.  If that were not so, "a defendant," any defendant, could be served, and the owner of the fee, not served, would be unable to move to cancel the lien.  It is section 1674 which provides for the motion to cancel.  It provides that if the plaintiff after filing the notice "unreasonably neglects to proceed in the action, the court may, in its discretion, upon the application of any person aggrieved," direct that the notice be cancelled of record.  The appellant was aggrieved by the unreasonable neglect to serve her in the time limited.  It cannot

be said that the service of other defendants prevented her from being aggrieved because she was not served. The two sections read together show that that is not their meaning or intention. Levy v. Kon, 11± App. Div. 795, 100 N. Y. Supp. 205. The party who has standing to move to cancel is the owner.

It appears that the appellant was served with the summons after making the affidavit for her motion herein, and before the notice of motion was served. This did not suffice to enable the court below to deny her motion as matter of discretion, in view of the facts of this case of the long neglect, and that the appellant, as appears by the complaint itself, never made the written contract sued on.

The order should be reversed, and the motion granted. .

Order reversed, with $10 costs and disbursements, and motion granted, with costs.

JENKS and MILLER, JJ., concur, the latter in result. HIRSCHBERG, P. J., and RICH, J., dissent.