## COHEN v. BIBER et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

Lis Pendens—Service of Summons—Time—Statutory Provisions.

Under Code Civ. Proc. § 1670, providing that a notice of the pendency of an action affecting the title to real estate, etc., may be filed with the complaint before service of summons, but service must be made within 60 days after the filing, etc., placing the summons in the hands of a sheriff for service is not a sufficient compliance with the statute; but the service must be actually made within the specified time, or the notice may be canceled upon motion, for its protection is a statutory privilege, requiring compliance with the statute, and there is no analogy with the rule applying under statutes of limitation, which tend to curtail rights.

Appeal from Special Term, Kings County.

Action by Herman Cohen against William Biber and others. From an order canceling of record a notice of lis pendens, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

M. H. Newman, for appellant.
Isidor F. Greene, for respondents.

WOODWARD, J. The plaintiff on the 26th day of June, 1907, brought an action for the specific performance of a contract against the defendant, and on that day filed the summons and complaint, with its lis pendens, in the office of the clerk of Kings county. On the 17th day of August, 1907, the summons and complaint were delivered to the sheriff of Kings county for service; but said summons and complaint were not, in fact, personally served upon the defendants within the 60 days prescribed by section 1670 of the Code of Civil Procedure, and a motion to have the lis pendens canceled was made, and the plaintiff appeals from the order granting the same.

The plaintiff contends that, as the summons and complaint were delivered to the sheriff within the 60 days, they have not unreasonably delayed the action, and that it was error on the part of the court at Special Term to cancel the lis pendens. The theory of this contention is that there is an analogy between this case and those cases in which it has been held that an action was commenced, to save it from the bar of the statute of limitations, when the summons was delivered to the sheriff with the intention of having the same served. We are unable to see the force of this contention. The filing of a lis pendens, which is notice to persons not parties to the action, is a privilege granted by statute. One of the conditions is that, where the lis pendens is filed with the complaint before the service of the summons (which is the case before us), "personal service of the summons must be made upon defendant within 60 days after the filing," etc., and if the service is not made within that time it does not have any effect upon the jurisdiction of the court, but it does operate to nullify the lis pendens on file. Brandow v. Vroman, 22 Misc. Rep. 370, 50 N. Y. Supp. 323, reversed on another point 29 App. Div. 597, 51 N. Y. Supp. 943. If the lis pendens becomes a nullity by reason of the failure of the plaintiff to personally serve the summons within the time fixed by the statute, then the defendants are clearly entitled to have the same canceled of record. The plaintiff, accepting a privilege, is bound to conform to the terms of the privilege, and this is not done by placing the summons in the hands of the sheriff for service within the 60 days. The requirement is for a personal service, or for the commencement of publication or other method of substituted service. A lis pendens is not the commencement of an action as against the defendants. It is a mere notice to outside parties that such an action is about to be or actually has been commenced, while the delivery of a summons to a sheriff for the purpose of service is an election on the part of the plaintiff to commence his action, and is sufficient to protect him in his rights as against a statute of limitations, which is a statute of repose, and forbids a remedy after the expiration of the time fixed. In the one case the law seeks to give a privilege under conditions, in the other it takes away a right, and in such cases it is entirely proper that any act on the part of the plaintiff which commits him to his action shall be sufficient to preserve to him his cause of action. The plaintiff still has his cause of action. He has, by his own neglect, waived the protection of his lis pendens; and he has no right to complain of the action of the court in canceling it of record.

The order appealed from should be affirmed, with costs. All concur.