HESS et al. v. FELT et al.

(Supreme Court, Special Term, New York County. October 9, 1908.)

1. PROCESS—SUBSTITUTED SERVICE—SUFFICIENCY OF GROUND.
    That plaintiff knew defendant was somewhere in Canada, being unable to ascertain the exact place, does not warrant vacation of an order for substituted service obtained under the express terms of Code Civ. Proc. § 435, upon the ground that defendant was without the state and that the place of his sojourn could not be ascertained.

2. SAME—"PLACE OF HIS SOJOURN."
    "Place of his sojourn," under Code Civ. Proc. § 435, providing for substituted service on a resident where the "place of his sojourn" cannot be ascertained, etc., means a definite locality, and not an entire country.

3 SAME—ORDER FOR SUBSTITUTED SERVICE—DELAY IN OBTAINING—EFFECT.
    That an order for substituted service was not obtained within 60 days after filing lis pendens, as expressly required by Code Civ. Proc. § 1670, did not vitiate the service, though the delay might affect the lis pendens.

Action by Charles E. Hess and others against Abraham Felt and others.   Defendant Larser moves to vacate an order for substituted service.   Motion denied.

Ferdinand E. M. Bullowa, for the motion.
Eisman, Levy, Corn & Levine (Joseph J. Corn, of counsel), opposed.

GIEGERICH, J.   The mere fact that the plaintiff knew the defendant was somewhere in Canada, the efforts of the plaintiff to find out in what place therein being unavailing, is not enough to warrant a vacation of the order for substituted service obtained under section 435 of the Code of Civil Procedure, upon the ground that the defendant was without the state and that the place of his sojourn could not be ascertained.   It is a fair inference from the moving papers that the family and business representative of the defendant purposely and repeatedly withheld from the plaintiff information of the defendant's whereabouts in Canada.   Under such circumstances it cannot be said that the place of the defendant's sojourn has been ascertained, and that the remedy provided in section 435 should be denied. Place of sojourn means a definite locality, and not an entire country.

Another ground on which it is sought to set aside the order is that it was not obtained until more than the 60 days prescribed by section 1670 of the Code of Civil Procedure had elapsed after the filing of the lis pendens.   Such tardiness in procuring the order might affect the lis pendens, but not the jurisdiction.   Brandow v. Vroman, 22 Misc. Rep 370, 50 N. Y. Supp. 323; Cohen v. Biber, 123 App. Div. 528, 530, 108 N. Y. Supp. 249.

Motion denied, with $10 costs.