NATHAN SHOSTACK, Plaintiff, *v.* SAMUEL HASKELL et al., Defendants.

(Supreme Court, Kings Special Term for Motions, September 1921.)

Lis pendens — how cancelled — avoidance of service of summons — cancellation within discretion of court — Code Civ. Pro. §§ 1670, 1674.

> A *lis pendens* may be cancelled only as provided by the statute giving the right to file it.
>
> Where a *lis pendens* has been properly filed under section 1670 of the Code of Civil Procedure, which provides that personal service of the summons must be made within sixty days after the filing of a notice of pendency of the action, etc., the *lis pendens* can be cancelled only under section 1674 of said Code, which declares that the court may cancel the notice if the party filing it unreasonably neglects to proceed in the action.
>
> Where upon a motion to cancel, as matter of right, a *lis pendens* filed under section 1670 of the Code of Civil Procedure it appears that though the process server, more than ten times during the two months following the filing of the *lis pendens*, visited the home of the moving defendant, who was said to be the janitor of the principal defendant, who was promptly served, he failed to find her until the sixty day period had expired, and the papers justify a finding that she was avoiding service until that period had elapsed, the motion, which was to have the *lis pendens* wholly cancelled, will be denied as matter of discretion.

MOTION to cancel *lis pendens.*

Daniel Loewenthal, for motion.

Wesselman & Kraus, opposed.

CROPSEY, J.  This action affects eight pieces of property in which the plaintiff claims an interest. The complaint alleges that these parcels were con-

veyed to different persons in fraud of plaintiff's rights. One of the parcels was conveyed to defendant Weitz, who makes this motion. The principal defendant was promptly served and thereafter difficulty was encountered in making service upon the other defendants, including the moving defendant who is said to be the janitor of the principal defendant. The process server visited her home more than ten times during the two months immediately following the filing of the *lis pendens* but did not find her " at home " until June twenty-third, when the sixty-day period had just expired. This defendant makes no affidavit and there is nothing to show any unreasonable neglect in the effort to serve her. In fact the papers justify a finding that she was avoiding service until the sixty days had elapsed. The only affidavit submitted for the defendant is one made by her attorney in which he says that during the sixty day period " the said defendant continued her residence and home at and frequented No. 8657 3rd Avenue, Borough of Brooklyn." The present motion is not to cancel the *lis pendens* as to the moving defendant or as to the parcel in her name but to have it wholly canceled. The motion is based upon the contention that upon failure to commence the action within sixty days as provided by section 1670 of the Code of Civil Procedure the notice must be canceled, that the defendant is entitled to the relief as a matter of right, and the court has no discretion.

It is true there are decisions to this effect. *Lipschitz* v. *Watson*, 113 App. Div. 408; *Cohen* v. *Biber*, 123 id. 528. But there are other decisions to the contrary. These hold that the cancellation is not a matter of right and that the court has discretion and should grant the application only when the neglect to proceed has been unreasonable. *Levy* v. *Kon*, 114

App. Div. 795; *Cohen* v. *Ratkowsky,* 43 id. 196, 198; *Lipschutz* v. *Horton,* 55 Misc. Rep. 44; *Steinmetz* v. *Kindred,* 121 App. Div. 260; *Brown* v. *Mando,* 125 id. 380. In view of this conflict in the decisions it is proper to consider the reasons given for the different holdings to determine which should be followed.

Section 1670, which provides that the action must be commenced within sixty days, does not prescribe any penalty nor state the result that shall follow if that be not done. The right to file such a notice having been given by statute it can be canceled only as provided by statute. *Beman* v. *Todd,* 124 N. Y. 114; *Wilmont* v. *Meserole,* 9 J. & S. 274; *Mills* v. *Bliss,* 55 N. Y. 139; *Niebuhr* v. *Schreyer,* 13 Daly, 546; *Fitzsimons* v. *Drought,* 15 App. Div. 413. Section 1674 prescribes how and when such a notice may be canceled. It says "After the action is settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, or if a plaintiff filing the notice unreasonably neglects to proceed in the action, the court may, in its discretion, upon the application of any person aggrieved, and upon such notice as may be directed or approved by it, direct that notice of the pendency of an action, filed as prescribed in the last four sections be canceled of record * * *." Under this if the party filing the notice " unreasonably neglects to proceed in the action " the court may cancel the notice. But there is no absolute right to such a cancellation. It may be done only in the court's discretion.

I think the sound rule is that when a notice of pendency of action has been properly filed, that is, when it is filed in one of the actions specified in section 1670 it can be canceled only in the manner prescribed by section 1674. It may be that if such a

notice be filed in an action other than one in which the Code permits it to be done that it may be canceled without following the terms of section 1674. But that presents a very different situation from the one before us here. In this case the notice was properly filed under section 1670.

The case of *Cohen* v. *Biber, supra,* was decided by the same Appellate Division which decided *Levy* v. *Kon* and *Steinmetz* v. *Kindred, supra.* And although the *Cohen* case was decided later than the other two no mention of either of them is contained in the opinion. Nor does the opinion refer to section 1674. It cites as authority for the position taken only one case — *Brandow* v. *Vroman,* 22 Misc. Rep. 370. But that involved merely a motion to set aside the service of a summons. The question of cancelling the *lis pendens* was not before the court. The court there did say that the *lis pendens* had lost its effect because of the failure to begin an action within sixty days, but that was no part of the decision. And the court there further said that a new *lis pendens* might be filed. But the law seems to be that if a *lis pendens* has been canceled because of the failure to commence an action another one cannot be filed. *Cohen* v. *Ratkowsky,* 43 App. Div. 196; *Lipschutz* v. *Horton,* 55 Misc. Rep. 44. So the cited case was really no authority for the decision in *Cohen* v. *Biber.* And furthermore it must be supposed that the same court did not intend to reverse a prior decision which it had made without at least mentioning it. In *Lipschitz* v. *Watson, supra,* there were no citations and that decision may well have gone upon the ground that there had been unreasonable neglect to proceed, as the papers on file show that to have been the fact. And the same court which decided those four cases in deciding a still later one (*Bancroft* v. *Interborough*

*Estates,* 136 App. Div. 890) said it did so '' on the authority of *Cohen* v. *Biber* (123 App. Div. 528) and *Brown* v. *Mando* (125 id. 380).'' The *Brown* case referred to seems clearly to hold that the matter is one in the court's discretion, and so by coupling *Cohen* v. *Biber* with it I think the court intended to point out that the decision in *Cohen* v. *Biber* really went no farther than that in *Brown* v. *Mando.*

Another thing may be pointed out. Section 1670 provides that '' personal service '' of the summons must be made within sixty days after the filing, or within that time '' publication of the summons must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor, * * *.'' No provision is made in case the summons cannot be personally served or an order for its publication cannot be obtained and where the only method of service might be the substituted one provided by section 435. That section covers the case of a resident defendant who is avoiding service, which is the situation presented here. Personal service was impossible. An order for service by publication could not be obtained. If defendant's contention be upheld it would only be necessary for a resident defendant to evade service during the period of sixty days to be absolutely relieved of the effect of the notice. This could never have been the intention of the legislature. And no such result follows a holding that a notice properly filed can only be canceled under the provisions of section 1674. Motion denied.

Motion denied.