In the Matter of the Probate of the Will of JOSEPH B. BLOSS, Deceased.

Surrogate's Court, Monroe County, July 20, 1926.

Surrogate's Court — substituted service of citation — Surrogate's Court Act, § 55, which empowers surrogate to issue order for substituted service on resident of State, on ground he cannot be found at his residence or place of business, is limited to reaching either runaway debtors or those who remain at home but avoid service of process — statute was not designed to apply to residents who leave State on business trip — order for substituted service on decedent's son, absent in France, of citation in probate proceedings, will not be issued where only ground is to expedite probate of will.

Section 55 of the Surrogate's Court Act, which empowers the surrogate to make an order for substituted service on a resident of the State whose place of residence or business is known and upon satisfactory proof that the person to be served cannot be found at his place of residence or business, and cannot be elsewhere served within the State within a reasonable time, is limited in its application to reaching either runaway debtors whose places of sojourn cannot be located exactly or to those who remain at home but avoid service of process; the statute was not designed to apply to residents who go out of the State on business trips without any suspicion of avoiding obligations thereby, especially where their stops from time to time are known in advance.

Accordingly, an order for substituted service, under section 55 of the Surrogate's Court Act, of a citation in this probate proceeding upon one of decedent's sons will not issue, where it appears that said son, at the time of his father's death, and now, is traveling in France; that he will not return until after this court recesses for the summer; that the family has been in correspondence with him by cable on the occasion of the funeral; and that the only purpose for substituted service is in order to have the will probated before the court recesses. His absence from the State does not necessarily render personal service impracticable nor actual service impossible.

APPLICATION, under section 55 of the Surrogate's Court Act, for substituted service of citation in a probate proceeding.

———— ————, for petitioner.

———— ————, opposed.

FEELY, S.   The petition now presented for probate of the last will of Joseph B. Bloss of No. 334 Oxford street, Rochester, N. Y., who died in Monroe county July 8, 1926, sets forth that one of the decedent's sons is Henry W. Bloss.   It also appears that this son resided at No. 334 Oxford street in said city, but was, at the date of his father's death and is now, traveling in France.   It also appears that he will not return until after the August vacation of this court; and that the family here have been in correspondence with this member by cable on the occasion of the funeral.   For the purpose of having the will probated before August first next, an order is asked for service of the citation herein, as upon said traveler, by substitute service under section 55 of the Surrogate's Court Act, which empowers the surrogate to make an order for such service on a resident of the State whose place of residence or business is known, upon satisfactory proof that " the person to be served cannot be found at his residence or place of business, and cannot be elsewhere served within the state within a reasonable time."

The application is within the letter of this statute but I question whether it is within the meaning thereof.   A substantially similar provision is found in section 230 of the Civil Practice Act, which authorizes such order " upon satisfactory proof that the plaintiff has been and will be unable with due diligence, to make personal service of the summons within the state."

The general rule being that service should be made personally within the territorial jurisdiction of the court, those provisions quoted, inasmuch as they are in derogation thereof, are strictly construed and must be fully complied with in order to obtain jurisdiction.   (*Erickson* v. *Macy*, 231 N. Y. 86, 90.)

Although no case in point under section 55 of the Surrogate's Court Act has been found, the statutes which are now embodied in the analogous provision quoted from the Civil Practice Act (§ 230) have been construed to supply only a means of reaching either runaway debtors whose places of sojourn could not be located exactly, or those who remain at home but avoid service of process.   These provisions were never designed to apply to residents who went out of the State on a business trip, without any suspicion of avoiding their obligations thereby, especially, where their stops, from time to time, were known in advance.   (*Ottman* v. *Daly*, 7 N. Y. Supp. 897, McADAM, C. J.)   It is not enough, therefore, to show that the respondent cannot be found or reached in this State, but in order to justify such

substitution for actual notice, it must be shown that the moving party cannot find out just where else the respondent is; because mere absence from this State does not necessarily render personal notice impracticable, not actual service impossible. In *Hess* v. *Felt* (60 Misc. 541) the defendant's family and business associates purposely and repeatedly withheld from plaintiff information of defendant's whereabouts, beyond saying he was " in Canada; " and an order for substituted service was upheld, for the description was too general to locate him there so he could be served. In the *Newhall* case, cited from the files of this court, there was an affidavit of the process server which showed that after persistent inquiry at the residence of the respondent in this State, he was informed by the respondent's family that they did not know when, if ever, he would return home; and that they had no information as to where he then was. This showing was, obviously, different from the present one; but it was a good foundation for either substitute service or service under an order of publication. The reason given for upholding these statutes is that by going away, without leaving any information as to his whereabouts and without designating any one to represent him, the respondent exposed himself to the risk of the court proceeding *in rem*, in his absence, in a matter in which he had an interest.

It seems to me, therefore, that section 55 of the Surrogate's Court Act should be construed as if it read that the resident respondent " cannot be served, personally, within this State, *nor elsewhere,* within a reasonable time."

This view is confirmed by reading this part of section 55 together with subdivision 2 of section 56, whereby the surrogate is enabled to order service on a respondent personally outside of the State or by publication, " where the person to be served is a resident of the state, and substituted service upon him cannot be authorized as provided in section fifty-five of this act, or where in the surrogate's discretion, a person who is a resident of the state but is absent therefrom should be served without the state personally or by publication."

Publication includes mailing of process to a known address.

In my opinion, petitioner has not shown a proper case for substitute service of citation herein.