OTTO KLUNDER, Plaintiff, v. AUGUST HANSEN et al., Defendants.

Supreme Court, Special Term, Herkimer County, September 30, 1947.

*William T. Welden* for plaintiff.

*Irving M. Basloe* for Henry Walmsley, an interested party.

MALPASS, J. This is a motion to cancel the *lis pendens* filed in the office of the Herkimer County Clerk on June 30, 1947. It appears that no complaint has been filed in the Office of the County Clerk of Herkimer County which is the county in which is located the property described in the *lis pendens,* and that actual service of the summons has not been made on either of the defendants although the summons was delivered to the sheriff on June 28, 1947, for that purpose.

The right to file a *lis pendens* is given by section 120 of the Civil Practice Act and strict compliance with that section is. required. (*Cohen* v. *Biber,* 123 App. Div. 528.) Section 120 of

the Civil Practice Act provides that "* * * the plaintiff, when he files his complaint, or at any time afterwards before final judgment, may file in the clerk's office of each county where the property is situated a notice of the pendency of the action * * *." It would seem that a condition precedent to the filing of the *lis pendens* is that a verified complaint be filed in the clerk's office. The complaint is determinative of the nature of the action and "The right to file a *lis pendens* depends upon the purpose of the action as stated in the complaint * * *." (*Bissell* v. *Taylor*, 229 App. Div. 369, 371.) It has been held that a *lis pendens* cannot be cancelled upon proof by affidavits outside of the complaint. (*Marpret Construction Corp.* v. *Hargust Land Corp.*, 214 App. Div. 792.) It is logical that the rule should be that the absence of a filed complaint as required by section 120 of the Civil Practice Act cannot be cured by affidavits and that a *lis pendens* should be cancelled where no complaint has been filed. (*Weeks* v. *Tomes*, 16 Hun 349, affd. 76 N. Y. 601.)

The motion to cancel the *lis pendens* should be granted and an order to that effect may be entered herein, with $10 costs to the moving party.