REUBEN T. ISRAELSON, Respondent, v. CHARLES L. BRADLEY, Individually and as Administrator of the Estate of MARY E. BRADLEY, Deceased, Appellant, et al., Defendants.— In an action for specific performance of a contract for the sale of real property, the appeal is from an order denying a motion to cancel a notice of pendency of action. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel and Schmidt, JJ., concur. Beldock, J., with whom Murphy, J., concurs, dissents and votes to reverse the order and to grant the motion, with the following memorandum: Where a notice of pendency is filed before the commencement of the action and process is not thereafter served within the time limited by section 120 of the Civil Practice Act, the filing of a successive notice of pendency in the "same action" is not permitted. (*Cohen* v. *Ratkowsky,* 43 App. Div. 196; *Lipschutz* v. *Horton,* 55 Misc. 44; *Shostack* v. *Haskell,* 116 Misc. 475.) Where the second action brought by plaintiff seeks the same relief, affects the same property, and is based on the same contract, as the first action, it is in effect the "same action" as the first. Where, as here, a notice of pendency is filed by plaintiff, which is thereafter cancelled for failure to serve process as required by section 120, a notice filed in a subsequent action, which is actually commenced, is improper. The fact that the action, with respect to which the second notice of pendency was filed, is instituted in a different court does not make any difference. To approve such practice would lead too easily to flaunting the express command of the statute. [See 284 App. Div. 850.]

■

In the Matter of ALBENSON CORPORATION, Respondent. LEO HOUSE, Appellant.— Proceeding by a landlord, under the Business Rent Law (L. 1945, ch. 314, as amd.), to fix the rent of business space consisting of three rooms used by appellant for the practice of medicine in the same apartment in which there is residence space. The rent was fixed at $57.50 a month after trial before an Official Referee. The notice of appeal is interpreted as stating an appeal from the final order which fixes the amount of rent and upon which appeal the amended findings and conclusions are brought up for review. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.