REUBEN T. ISRAELSON, Respondent, v. CHARLES L. BRADLEY, Individually and as Administrator of the Estate of MARY E. BRADLEY, Deceased, Appellant, et al., Defendants.

Argued February 28, 1955; decided May 26, 1955.

512

*Sol Bloom* for appellant.   I. Plaintiff is authorized to file only one notice of pendency of action and cannot file successive notices and thus extend his time to make service of the summons beyond the sixty days prescribed by section 120 of the Civil Practice Act.   (*Brown* v. *Mando*, 125 App. Div. 380; *Cohen* v. *Biber*, 123 App. Div. 528; *Napoli* v. *Frank*, 202 App. Div. 482; *Lipschitz* v. *Watson*, 113 App. Div. 408; *Steinmetz* v. *Kindred*, 121 App. Div. 260; *Bancroft* v. *Interborough Estates*, 136 App. Div. 890.)   II. Plaintiff, whose notice of pendency of action was cancelled for failure to serve the summons within sixty days, may not file another *lis pendens* in another court in an action between the same parties for the same relief based on the same contract.   (*Shostack* v. *Haskell*, 116 Misc. 475; *Lipschutz* v. *Horton*, 55 Misc. 44; *Cohen* v. *Ratkowsky*, 43 App. Div. 196; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Southern Pacific R. R.* v. *United*

*States,* 168 U. S. 1.)  III. The fact that the action, with respect to which the second notice of pendency was filed, is instituted in a different court does not make any difference.

*John I. Kennedy* for respondent.  I. Plaintiff had an absolute right to file a notice of pendency of the Supreme Court action, although there had previously been filed a notice of pendency of a different action seeking similar relief in the County Court and the summons and complaint therein had not been served within sixty days.  (*Cohen* v. *Biber,* 123 App. Div. 528; *Mentz* v. *Efficient Bldg. Corp.,* 145 Misc. 505; *Sheridan* v. *Andrews,* 49 N. Y. 478; *Leitch* v. *Wells,* 48 N. Y. 585; *Hailey* v. *Ano,* 136 N. Y. 569.)  II. Since Charles L. Bradley, as administrator, is a defendant in the present action and was not named as a defendant in the uncommenced County Court action, the *lis pendens* may not be cancelled as to him.  (*Steinmetz* v. *Kindred,* 121 App. Div. 260.)

CONWAY, Ch. J.  One Mary E. Bradley allegedly contracted to sell real property to the plaintiff.  Two months later she died intestate and on May 21, 1953, letters of administration were issued to Charles L. Bradley, a son.  Seven days thereafter the plaintiff entitled an action in the County Court of Rockland County and filed in the County Clerk's office of that county a summons, complaint and notice of pendency of action. The plaintiff named as defendants the distributees of the estate of the decedent, including Charles L. Bradley, in their individual capacities, and requested specific performance of the contract to sell.  Concededly, none of the defendants was served with the summons and complaint at any time since the filing of the notice.

Upon discovery of the filing some eight months later, Charles L. Bradley obtained an order to show cause why the *lis pendens* should not be cancelled.  The plaintiff then joined in that request and consented to the entry of an order to that effect. Three days before the return date of the order to show cause, however, the plaintiff filed a new notice of the pendency of the *present* action in the *Supreme Court* of Rockland County, and caused the summons and verified complaint to be served on the same day upon the defendant Bradley.  The complaint in the second action sought the same relief on the same contract

of sale as did the first. Thus there were then two notices of pendency of action in two actions in two courts. In the second action Bradley had been named both individually and as administrator of the goods, chattels and credits of Mary E. Bradley, deceased, and in those capacities he moved in the Supreme Court for the cancellation of the second notice of pendency of action. Thereafter the first notice was cancelled by a County Court order and the motion for cancellation of the second notice came on in the Supreme Court. There the motion was denied in view of the fact that an action had been commenced in the Supreme Court. The Appellate Division affirmed that denial by a closely divided court and certified the following question: '' Was the order of the Special Term, entered March 24, 1954, properly made? ''

Section 120 of the Civil Practice Act provides that in an action '' to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property, if the complaint is verified, the plaintiff, when he files his complaint * * * may file in the clerk's office of each county where the property is situated a notice of the pendency of the action * * *. Such a notice may be filed with the complaint before the service of the summons; but, in that case, personal or substituted service of the summons *must be made upon a defendant,* within sixty days after the filing, or else, before the expiration of the same time, publication of the summons must be commenced, or service thereof must be made without the state, as prescribed by law.'' (Emphasis supplied.) That section is to be read in connection with section 218 of the Civil Practice Act, which provides that a civil action '' is commenced by the service of a summons, which is a mandate of the court.'' Thus, one may file a *lis pendens* before the service of the summons, but one *must* commence the action by the service of the summons upon one of the defendants within sixty days in the manner prescribed in section 120 of the Civil Practice Act. This, of course, has nothing to do with the cause of action set out in the complaint. (*Cohen* v. *Biber,* 123 App. Div. 528.)

Section 123 of the Civil Practice Act has to do with the cancellation of the notice after the action has been *commenced.* It provides that if the action be '' settled, discontinued or abated, or final judgment is rendered therein against the party

filing the notice, and the time to appeal therefrom has expired " the *lis pendens* may be cancelled upon notice. The same section further provides that " if a plaintiff filing the notice unreasonably neglects to proceed in the action, the court, in its discretion, upon the application of any person aggrieved " and upon notice may cancel the *lis pendens*. Those are provisions applicable after the commencement of an action by the service of the summons " upon a defendant " since before such service there is no " action ". They do not refer to a notice filed with the summons and complaint where the action is not commenced within sixty days. That situation is not covered in either sections 120 or 123 of the Civil Practice Act.

The necessary construction of section 123 is clear. If the action has been settled, discontinued, abated or if final judgment has been rendered against the one who filed the notice, there is no need for the exercise of discretion by the court. The action has been commenced and disposition of it made.

If the plaintiff has unreasonably neglected to proceed in the action, whether or not the notice should be cancelled rests in the sound discretion of the court, as it does in the case of any motion made for relief due to lack of diligence by any party to an action. Again, the provision in the statute has reference to an action which has been commenced by the one who filed a notice of pendency of action. Having provided for the cases in which an action has either been disposed of or which has not been diligently prosecuted, the Legislature left it to the courts to act with reference to situations where an action has not been commenced within the sixty-day limit prescribed by section 120. That should be by the cancellation of the notice and that was consented to here.

The question presented, then, is whether having once accepted the statutory permission to file a notice of pendency of action " with the complaint before the service of the summons ", a plaintiff who has failed to comply with the terms attached to such permission by the Legislature may then move to another court and assume, without legislative authority, a further grant of power to file a new summons and complaint and a new notice of pendency of action for the same cause and thus affect the alienability of the same real property for an additional period of sixty days or more. We find no such grant of power to a

litigant and think that it was properly withheld. Permission to file a notice of pendency of action in specified cases is an added privilege granted to a litigant by statute which does not affect his cause of action. The purpose of the grant of the privilege was to prevent " the acquisition *pendente lite* of an interest in the ' subject-matter ' of the suit, to the prejudice of the plaintiff because otherwise * * * ' there would be no end of any suit; the justice of the court would be evaded and great hardship and inconvenience to the suitor would be necessarily introduced.' " (*Hailey* v. *Ano,* 136 N. Y. 569, 576.) This interest acquired by the one filing the *lis pendens* has been defined as " certain rights entitling him to be considered an equitable incumbrancer ". (*Weeks* v. *Tomes,* 16 Hun 349, 351, affd. 76 N. Y. 601.) This is an extraordinary privilege which has been granted to a litigant upon the mere filing of the notice of a pendency of action, a summons and a complaint, and strict compliance with the requirements of section 120 is required. Proper administration of the law by the courts requires promptness on the part of a litigant so favored and that he accept the shield which has been given him upon the terms imposed, and that he not be permitted to so use the privilege granted that it becomes a sword usable against the owner or possessor of realty. If the terms imposed are not met, the privilege is at an end. Such has been the law of our State, as declared in cases over the years, which did not, however, reach this court. (See *Cohen* v. *Biber,* 123 App. Div. 528, 529, *supra*; *Lipschitz* v. *Watson,* 113 App. Div. 408; *Cohen* v. *Ratkowsky,* 43 App. Div. 196; *Lipschutz* v. *Horton,* 55 Misc. 44; *Klunder* v. *Hansen,* 190 Misc. 294.) A different rule has been held to be applicable when the moving defendant remains in hiding or in some other manner avoids service until the sixty-day period has expired. (*Levy* v. *Kon,* 114 App. Div. 795; *Shostack* v. *Haskell,* 116 Misc. 475, affd. 201 App. Div. 858; see, also, 3 Warren's Weed on New York Real Property [4th ed.], §§ 1.06, 1.07, pp. 307, 308, 309; 8 Carmody on New York Practice [2d ed.], Part 1, § 71, pp. 55, 56.)

The order of the Appellate Division and that of Special Term should be reversed and the motion to cancel the notice of pendency granted, with costs in all courts; the question certified is answered in the negative.

The order of the Appellate Division and that of Special Term should be reversed and the matter remitted to Special Term for further proceedings in accordance with the opinion herein, with costs in all courts; the question certified is answered in the negative.

DESMOND, DYE, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Orders reversed, etc.