William R. Brennan, Jr., J.
Defendant moves to cancel a lis pendens.
Heretofore, and on April 9, 1962, this plaintiff filed a Us pendens in another action against the defendant involving the same premises. That action (County Clerk’s File No. 3909-1962) was an action for specific performance of a contract (dated June, 1959) to sell real property, purporting to be made between “ Johanna Raynor, as committee of the person and property of Bradford S. Raynor, an incompetent ” as seller and this plaintiff as purchaser. It appears that the real property in question was owned by Bradford S. Raynor and Johanna Raynor, his wife (the defendant herein) as tenants by the entirety, and that Bradford S. Raynor died before the commencement of the action in April, 1962. The Us pendens filed on April 9, 1962 was can-celled by this court, and the complaint dismissed, on or about July 31, 1962, on the theory that the contract did not on its face hind Johanna Raynor.
On August 2, 1962 the Us pendens and summons and verified complaint were filed in this action, which seeks to reform the contract of June, 1959 as having mistakenly failed to include an agreement to convey the defendant’s interest in the property and, as so reformed, to compel specific performance thereof.
The motion seeks to cancel this Us pendens on the theory that since the previous action was in effect dismissed on the merits, there is no right to file a new Us pendens in this action seeking other and further relief on a newly asserted theory.
Israelson v. Bradley (308 N. Y. 511) upon which defendant relies, denied the right to file a new notice of pendency of action in an action for the same relief on the same contract as had been sought in a specific performance action in another court wherein a Us pendens previously filed was dismissed for neglect to serve the summons pursuant to section 120 of the Civil Practice Act. Nothing said in Israelson v. Bradley (supra) nor in the cases cited therein, indicates any doubt as to the right of a plaintiff to file a notice of pendency of an action maintained on a new theory, albeit for the same relief. Neither party has cited a case precisely in point. The 60 days within which service of the summons may be effected have not expired. The situation presented is most akin to that involved in Oster v. Bishop (20 *795 Misc 2d 446, Supreme Ct., Westchester County, Brennan, J.), wherein it was held that where a lis pendens has been cancelled upon the furnishing of an undertaking, the filing of a new lis pendens simultaneously with the filing of an amended complaint alleging an additional cause of action is not improper.
The complaint in this second action is framed on an entirely different theory than that in the first action heretofore dismissed, and in the court’s opinion the lis pendens was properly filed. The motion is accordingly denied.