**David v Arbie Processing, LLC**

2024 NY Slip Op 31214(U)

April 8, 2024

Supreme Court, Kings County

Docket Number: Index No. 517803/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
------------------------------------------x
SNIR DAVID,

                                    Plaintiff,          Decision and order

        - against -                                     Index No. 517803/2023

ARBIE PROCESSING, LLC, RON BOROVINSKY
and ELIZABETH BOROVINSK,

                                    Defendants,          April 8, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                           Motion Seq. #3 & #4

        The defendants have moved pursuant to CPLR §2221 seeking to reargue a decision and order dated February 13, 2024 seeking a determination the UCC statements filed by the defendants cancelled the UCC statements filed by the plaintiff. The plaintiff has also moved seeking reaguement whether the plaintiff may file a notice of pendency on properties owned by Arbie. The motions have been opposed respectively. Papers have been submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

        In this consolidated action the plaintiff has sued seeking to enforce repayment of a loan made to defendant Arbie Processing LLC in 2018. The plaintiff filed 12 UCC-1 on various properties. The defendant seeks an order cancelling those UCC-1's filed. The plaintiff did not really oppose that motion. Thus, the motion seeking reargument is granted and upon reargument the motion seeking to cancel the UCC-1s filed on the various properties connected to this lawsuit is granted.

        Turning to the cross-motion, while the court held that notices

[* 1]

of pendency filed on properties owned by defendant Arbie is proper, the plaintiff seeks clarification whether notices of pendency may be filed upon further properties. Specifically, the plaintiff seeks to file notices of pendency upon approximately sixteen properties, admittedly, none of which are owned by the defendants.

It is well settled that a notice of pendency provides constructive notice of an action where the judgement may affect the title to real property (Sharestates Investments, LLC v. Hercules, 178 AD3d 1112, 116 NYS3d 299 [2d Dept., 2019]). The purpose of the grant of the privilege was to prevent 'the acquisition pendente lite of an interest in the subject-matter of the suit, to the prejudice of the plaintiff...' (see, Israelson v. Bradley, 308 NY 511, 127 NE2d 313 [1955]). Thus, the notice of pendency represents a policy whereby "a suitor's action shall not be impeded or defeated by an alienation of the subject property during the course of the lawsuit" (Cayuga Indian Nation of New York v. Fox, 544 F.Supp 542 [N.D.N.Y. 1982]).

Even if these properties are connected to the defendant Arbie Processing LLC, the plaintiff has not presented any evidence that notices of pendency are necessary to restrain so many properties. Thus, there is simply no basis to restrain so many properties to secure a loan that is far less than the value of all these properties. The continued and repeated attempts to file notices of pendency that far exceed the loan and that may not be owned by the

2

[* 2]

defendant in this case is improper. Therefore, the motion seeking to restrain any of the properties listed in the plaintiff's motion is denied. The plaintiff has restrained properties owned by the defendant and the court has upheld those notices. No further property may be restrained in this case. Indeed, the plaintiff must obtain prior court permission before filing any restraints on any property connected to the defendants in this case.

Turning to the motion seeking reargument prohibiting pre-judgement attachment and the dismissal of the individual defendants, a motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS3d 617 [2d Dept., 2019]).

First, the plaintiff has offered no evidence at all the defendants used the corporate entity in improper ways whereby the individuals should not be protected thereby. There is absolutely no evidence presented the plaintiff has met the burden of piercing the corporate veil.

Second, concerning pre-judgement attachment, the plaintiff has not presented any conclusion reached by the court that was in error. Rather, the plaintiff simply seeks to argue, once again, that attachment is proper. The court rejected that argument and there is no basis to revisit the conclusions reached.

3

[* 3]

As noted, the plaintiff has expended much litigation on issues of attachment, restraints on property in various ways and the like. As noted, no further restraints can be placed on any further properties without court approval. The parties may not further proceed with the progression of this case.

So ordered.

ENTER:

DATED: April 8, 2024
      Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC