### BROWN v. MANDO.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. LIS PENDENS—CANCELLATION—UNREASONABLE DELAY IN PROCEEDING IN ACTION—STATUTORY PROVISIONS—"MUST."

Code Civ. Proc. § 1670, provides that, when a notice of pendency of action is filed with the complaint, personal service of the summons "must" be made upon defendant within 60 days after the filing, or else, before the expiration of that time, publication of the summons must be commenced, or service thereof must be made without the state. Section 1674 authorizes the court in its discretion to cancel a lis pendens if a plaintiff filing the notice unreasonably neglects to proceed in the action. *Held,* that the provision of section 1670 is peremptory, and a failure to comply with it is a form of unreasonable neglect which requires the court to cancel the notice; and hence where a lis pendens was filed November 14, 1907, and an amended summons and complaint was filed November 18, 1907, and the summons and complaint were not served on defendant until January 20, 1908, no attempt being made to serve it until January 6th, and no attempt made to effect substituted service, the lis pendens should be canceled.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4643, 4645.]

2. SAME—MOTION TO CANCEL—MOTION MADE AFTER SERVICE OF SUMMONS.

The fact that the motion to vacate the lis pendens was not made until after the summons had actually been served was immaterial, in the absence of a showing that defendant knew that a notice had been filed before being apprised of the fact by service of the summons and complaint.

Appeal from Special Term.

Action by Minnie T. Brown against Albert F. Mando to enforce a contract for the sale of real property. From an order denying a motion to vacate a lis pendens, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

G. L. Rohan, for appellant.
Harold Swain, for respondent.

SCOTT, J. The defendant appeals from an order denying his motion to cancel a lis pendens. The action is by a vendee against a vendor to enforce a contract for the sale of real property. The lis pendens was filed on November 14, 1907, and an amended notice of pendency of action, with an amended summons and complaint, was filed on November 18, 1907. The summons and complaint were not served upon defendant until January 20, 1908, more than 60 days after the

amended notice had been filed, and no attempt was made to effect substituted service. The notice of motion to cancel the lis pendens was served on January 28, 1908.

The plaintiff's explanation of the delay in making service is very unsatisfactory. Her attorney seems to have made no serious attempt to make such service until January 6, 1908, and, although it is suggested that defendant evaded service, no proof of that fact is produced. Section 1670 of the Code of Civil Procedure provides that, when a notice of pendency of action is filed with the complaint, personal service of the summons must be made upon a defendant within 60 days after the filing, or else, before the expiration of the same time publication of the summons must be commenced or service thereof must be made without the state. The language is peremptory, and a failure to comply with it nullifies the lis pendens. Cohen v. Ratkowsky 43 App. Div. 196, 59 N. Y. Supp. 344. Section 1674 authorizes the court in its discretion to cancel a lis pendens if a plaintiff filing the notice unreasonably neglects to proceed in the action. To neglect to make service or commence publication within 60 days after the filing of the notice is one form of unreasonable neglect to proceed with the action (Cohan v. Ratkowsky, supra), and it is such neglect as calls upon the court to exercise its discretion to cancel the notice, for it is unfair to a defendant to leave his property apparently incumbered by a lis pendens which, in fact, has lost its efficacy. It is of no consequence that the motion was not made until after service of the summons had actually been made. The defendant could not be expected to move until he knew that a notice had been filed, and there is nothing to show that he knew that any action was contemplated until apprised of the fact by service of the summons and complaint upon him.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.