DOMINICK J. NAPOLI, Respondent, *v.* JACOB AUGUST FRANK and CHRISTIANA JACOBS, Appellants.

First Department, July 14, 1922.

**Lis pendens — cancellation on ground that plaintiff unreasonably neglected to proceed in failing to serve summons within sixty days — explanation for delay not satisfactory.**

Where a summons and complaint and notice of pendency of action is filed in the county clerk's office on the twenty-ninth day of December, an application made on the fifth day of the following April by the defendants to cancel the *lis pendens* of record on the ground that the plaintiff had unreasonably neglected to proceed with the action, within the meaning of section 123 of the Civil Practice Act, in that he had failed to serve a summons upon either of the defendants within sixty days, as required by section 120 of the Civil Practice Act, should be granted, where the only explanation offered by the plaintiff for failure to serve the summons was, that after the filing of the *lis pendens* he asked an attorney who appeared for one of the defendants in another action, if he was to appear for the defendants in the present action, and received no reply; that thereafter the summons was delivered to a process server who had been unable to serve the defendants and that in the intervening period the plaintiff's attorney was ill for about one month, and where there is no affidavit by the process server nor was it made to appear what effort was made to effect service.

APPEAL by the defendants, Jacob August Frank and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 8th day of May, 1922, denying defendants' motion to cancel of record the notice of pendency of action filed by the plaintiff herein.

*Lewis S. Goebel* [*Lorlys Elton Rogers* of counsel], for the appellants.

*Edgar Hirschberg,* for the respondent.

PAGE, J.:

The plaintiff, on or about the 29th day of December, 1921, filed the summons and complaint and notice of pendency of action in the office of the clerk of the county of Bronx.

The action was to compel the specific performance of a contract for the sale of the real estate described in said complaint and notice of pendency of action. On the 5th day of April, 1922, the defendants, appearing specially for the purpose of the motion, moved to cancel the *lis pendens* of record, on the ground that the plaintiff had unreasonably neglected to proceed in this action and had failed to serve a summons upon either of the above-named defendants. (Civil Practice Act, § 123.) In opposition to the motion the plaintiff's attorney presented an affidavit in which he stated that at or about the time of the filing of the said papers he also brought an action against the defendants in behalf of another plaintiff in the Municipal Court in the Borough of The Bronx; that the summons was personally served on the defendant Jacob August Frank, and that the attorney who made this motion appeared in that action for the said defendant, and that the plaintiff's attorney requested the said attorney to advise him whether he would appear for the other defendant in that action, and also whether he would appear for both defendants in this action; that he received no response from said communication, and that thereafter the summonses in both actions were delivered to the process server for service; that the process server has been unable to serve either of said defendants; and that in the intervening period along about the eleventh day of February he was taken ill with influenza and was absent from his office for about one month; and that the matter escaped his attention until the service of this motion. No affidavit of the process server was submitted. It does not appear what effort was made to effect service.

Section 120 of the Civil Practice Act provides that in case the notice of pendency of the action is filed with the complaint before the service of the summons, personal service of the summons must be made on the defendant within sixty days thereafter or before the expiration of that time publication of the summons must be commenced. A failure to comply with this requirement is a neglect to proceed in the action and if such neglect is unreasonable the court may order the notice canceled. The plaintiff without proof is authorized to incumber defendant's property, and any neglect

to proceed with the action with expedition must be satisfactorily explained.   The explanation offered is not at all satisfactory.

Under the circumstances, the motion should have been granted. (See *Brown* v. *Mando*, 125 App. Div. 380; *Cohen* v. *Biber*, 123 id. 528; *Bancroft* v. *Interborough Estates*, 136 id. 890; Civil Practice Act, § 123.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.