17TH AVENUE & 73RD STREET CORPORATION, Appellant, *v.* OCEAN OPERATING CORPORATION, Respondent.

Second Department, January 8, 1926.

**Lis pendens — motion to cancel notice — Civil Practice Act, § 120, gives plaintiff sixty days in which to serve summons — Civil Practice Act, § 123, does not apply — notice of pendency will not be canceled prior to expiration of sixty days — defendant has other remedy.**

Under section 120 of the Civil Practice Act, a plaintiff is allowed sixty days after the filing of the notice of pendency of action in which to make service of the summons, and the court will not, prior to the expiration of that period, cancel the notice of pendency of the action.

Section 123 of the Civil Practice Act which provides that a notice of pendency of an action may be, in the discretion of the court, canceled where the plaintiff fails unreasonably to proceed in the action, has no application until after the expiration of the sixty-day period or until an action is pending.

*It seems,* that defendant has a remedy by filing a general appearance pursuant to section 237 of the Civil Practice Act.

APPEAL by the plaintiff, 17th Avenue & 73rd Street Corporation, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 10th day of October, 1925, canceling a notice of pendency filed on the 14th day of September, 1925.

*Irving Levinson,* for the appellant.

*Malvin B. Mariash* [*Benjamin M. Gottesfeld* with him on the brief], for the respondent.

Jaycox, J.  The plaintiff entered into a contract with the defendant to purchase certain premises.  The title was to close on the 11th day of September, 1925.  On that date the purchaser raised the objection that the taxes, amounting to some $42,000, had not been paid.  The seller was to receive $30,000 in cash, and it proposed that this $30,000 in cash be placed in the hands of the attorney for the purchaser; that the balance in cash be furnished by the seller and placed also in his hands, and that the attorney pay the taxes.  The purchaser declined to do this and filed this notice of pendency together with the verified complaint on the fourteenth of September.  When difficulties arose at the meeting to close the title the defendant asked for a short adjournment.  The purchaser refused this and wanted to adjourn for thirty days.  They disagreed as to that, and on the eighteenth day of September the defendant, the seller, served upon the attorney for the purchaser a notice requiring the purchaser to attend the closing on the 22d day of September, 1925.  At that time the seller had the officers from the department of taxes and the comptroller's office there ready with receipts so that the taxes could be paid at once.  The purchaser, however, failed to attend.  Since the fourteenth of September, when the notice of pendency was filed, the defendant has gone to the office of the plaintiff's attorneys and demanded that the summons and complaint be served upon defendant, and the plaintiff's attorneys have refused to make such service.  On the 1st day of October, 1925, the defendant obtained an order to show cause, returnable on the second day of October, requiring the plaintiff to show cause why the notice of pendency above mentioned should not be canceled and discharged of record.  This motion was denied.  The defendant moved for a reargument on the eighth day of October.  After hearing argument the court permitted the defendant to make a tender of the deed and to have the representative of the comptroller and the tax department present with their receipts so that simultaneously with the payment upon the contract being made the taxes could be paid and receipts given.  The defendant also gave proof of having the necessary amount of money to pay the taxes.  Thereafter the motion was granted, and it is from the order entered thereon that this appeal is taken.

The question involved is, whether the court has the power to cancel the notice of pendency upon the circumstances here shown.  There is no question but that this was a proper case in which to file a notice of pendency, the action being brought for specific performance of the contract.  The good faith of the plaintiff is seriously questioned.  The affidavits show that this was property which would produce no income until the following summer.  The

plaintiff may escape carrying the property if the trial of this action can be delayed until that time.

Section 123 of the Civil Practice Act prescribes when a notice of pendency may be canceled. The following is a copy of that section: " After the action is settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, or if a plaintiff . filing the notice unreasonably neglects to proceed in the action, the court, in its discretion, upon the application of any person aggrieved and upon such notice as may be directed or approved by it, may direct that a notice of pendency of an action be canceled  *  *  *."

It is claimed here that the notice of pendency may be canceled on the ground that the plaintiff has unreasonably neglected to proceed in the action. I think that clause of this section has no application to the situation here presented. The phrase " unreasonably neglects to proceed in the action " has a well-recognized meaning. Rule 156 of the Rules of Civil Practice provides for the dismissal of the complaint when the plaintiff shall fail to bring the action to trial within a reasonable time, according to the course and practice of the court; at any time after later issues shall have been tried in their regular order the defendant may move for a dismissal. Sections 180 and 181 of the Civil Practice Act relate to this same subject, that is, the dismissal of a complaint when the plaintiff unreasonably neglects to proceed in the action.

I think the plaintiff here cannot be charged with neglect to proceed in the action. No action is pending. The action is not begun until the summons is served upon the defendant, or the defendant voluntarily appears in the action. (See Civ. Prac. Act, §§ 218, 237.) There being no action pending, it is impossible for the plaintiff to neglect to proceed in the action.

Section 120 of the Civil Practice Act allows the plaintiff sixty days in which to make service of the summons. The statute having allowed that time, I think that the court has no power to abbreviate it. If the Legislature intended to confer that power upon the court, it would not have done so by inference, but by a direct specific grant of power. There are cases which hold that after the expiration of the sixty days' period the court may, in its discretion, cancel the notice of pendency of the action. But there is nothing in those cases which indicates that the court has the power to cancel the notice before the expiration of that period. (*Napoli* v. *Frank,* 202 App. Div. 482; *Shostack* v. *Haskell,* 116 Misc. 475; *Lipschitz* v. *Watson,* 113 App. Div. 408; *Cohen* v. *Biber,* 123 id. 528; *Levy* v. *Kon,* 114 id. 795; *Cohen* v. *Ratkowsky,* 43 id. 196.)

The defendant here is not without its remedy. Section 237 of the Civil Practice Act provides: " A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him." The defendant, therefore, could have served an appearance, also served a copy of its answer, filed a note of issue and noticed the case for trial. (See, also, Civ. Prac. Act, § 433; Rules Civ. Prac. rules 150, 151, 160.) This would have resulted in a speedy determination of the matter.

I am of the opinion that the court had no power to cancel the *lis pendens* until the sixty days, prescribed by the statute, had elapsed; and further, that if such power did exist the circumstances here shown are not such as to justify its exercise.

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order vacating and canceling notice of pendency of action reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.