In the Matter of the Estate of MAURICE R. MORONEY, Deceased.

Surrogate's Court, Kings County, October 31, 1952.

*Joseph Sternchos* for Juliet B. Moroney, petitioner.

*John E. Gruning* for Mary R. Moroney, respondent.

RUBENSTEIN, S. This is a motion to vacate petitioner's default in complying with a notice served upon her attorney under section 322 of the Civil Practice Act, requiring her to admit certain claimed facts. It was clear to the court during the trial of this proceeding that petitioner might suffer irreparable injury through her attorney's admitted failure to comprehend the import of the statute and consequent failure to comply with its terms. The court then suggested that this motion be made and an adjournment was taken for such purpose.

Notwithstanding the circumstances are such that respondent has not been and cannot be prejudiced by petitioner's failure to make timely compliance with the demand, respondent opposes the granting of any relief upon the asserted ground that the court is without power to open such default. He maintains that its power is limited by the express terms of the statute to extend the time for service of the answer to the demand.

Apart from the court's belief that this motion to open the default is equivalent to one for an extension of time to serve an answer to the demand, which relief is clearly authorized by the statute, the court is empowered under sections 105 and 108 of the Civil Practice Act to relieve a party from a default such as was suffered here. The court's belief in the foregoing respect is fortified by the recommendation of the Judicial Council in connection with the proposed adoption of present section 322 of the Civil Practice Act (Seventh Annual Report of New York Judicial Council, 1941, p. 316). It was there indicated that the provision empowering the court to extend the party's time to comply with the demand appears in a similar statute in the State of Massachusetts and has been interpreted by the courts of that State as empowering the court to grant an extension of time to answer a notice of demand even after the expiration of the period allowed for answering. Citing in support of such construction *Boston Morris Plan Co.* v. *Barrett* (272 Mass. 487) the report then suggests that the result reached by the Massachusetts court would probably be reached in New York in view of section 98 of our Civil Practice Act. In arriving at a determination of legislative intent the report of the Judicial Council is persuasive (*Interchemical Corp.* v. *Mirabelli,* 269 App. Div. 224, 227).

In A Guide to Motion Practice (Tripp [rev. ed.], p. 147) the author states that the court at Special Term has power " to open a party's default in complying " with the demand. In support of such statement he cites the case of *Connolly* v. *Charlton Co.* (N. Y. L. J., Dec. 20, 1948, p. 1595, col. 4). In that case there was presented to Mr. Justice HECHT at Special Term, New York County, in a similar motion, the very objection now offered. In disposing of the motion, amongst other things, the Justice said: " Defendant is not seeking to vacate or modify the notice, he asks that his inadvertent default be opened and an opportunity afforded him to comply with the notice. This relief the court at Special Term may and does, in the interests of justice, grant." This court is in full accord with such determination.

The motion is granted and petitioner is granted eight days after entry of the order herein to serve the answer to the demand.

Proceed accordingly.