William T. Cowin, J.
Defendant in this action for specific performance moves for an order canceling the lis pendens and the recorded contract of purchase of real property, citing subdivisions (a) and (c) of section 6514 of the Civil Practice Law and Bules, and for related relief. Plaintiff cross-moves pursuant to section 6301 of the Civil Practice Law and Rules to enjoin the defendant inter alla from selling, disposing of or damaging the subject premises.
Examination of the submitted papers shows that the defendant as fee owner of premises 1259-45th Street, Brooklyn, New York, entered into a contract with plaintiff on November 14, 1962 for the sale of this property; that pursuant to the terms of the contract (filed Jan. 21, 1963), title was to pass on the closing date, namely, January 15, 1963; that plaintiff, it is conceded, filed a lis pendens on April 19, 1963; that such lis pendens on defendant’s motion was cancelled by order of this court (Brown, J.) for plaintiff’s failure to serve a summons and complaint; that the second “ Notice of Pendency of Action ”, together with a summons and verified complaint, was filed by plaintiff with the Clerk of the County of Kings on September 10, 1963 under Index No. 13546/1963, is admitted.
In view of the prior cancellation, “ it was improper to file the instant second notice and there is no authority under which it may be permitted to stand (Israelson v. Bradley, 308 N. Y. 511) ” (Lansoff v. Bader, 13 A D 2d 995, 996 [2d Dept.]; Albert v. Winster Co., N. Y. L. J., Oct. 1, 1962, p. 17, cols. 5, 6; Regent Boat Corp. v. Cornman, N. Y. L. J., Nov. 22, 1963, p. 15, col. 5).
Accordingly, defendant’s motion to cancel the lis pendens is granted.
Turning now to the branch of defendant’s motion seeking the cancellation of the recorded executory contract of sale, the moving papers state that said contract was filed on January 21, 1963 in the office of the County Clerk of the County of Kings. Apparently such filing was pursuant to the authority granted by subdivision 1 of section 294 of the Real Property Law. Paragraph (a) of subdivision 4 thereof states: “ Where an executory contract is duly recorded as provided in this section the right of the purchaser to performance of the contract is enforceable against a person who, subsequent to the recording and while the recording is effective as provided in this section, purchases or acquires by exchange the same real *356 property or any part thereof, from the same vendor, his distributees or devisees.” Subdivision 5 of said section then provides that the recording of the executory contract shall be effective for the purposes of subdivision 4 up to and including the thirtieth day after the day fixed by the contract for the conveyance of title! Title was to be conveyed on the 15th day of January, 1963. By virtue of the foregoing subdivision the protective effect of said recording was terminated 30 days thereafter.
However, since the statute does not prov.de for cancellation and there is no showing that the court has inherent power to order cancellation, this aspect of the motion is denied.
The court has read Zawin v. Broder (N. Y. L. J., June 26, 1963, p. 7, col. 8) but sees nothing in that decision which shows that the court has the power to cancel although cancellation was there ordered. The court respectfully declines to follow that decision.
The plaintiff’s cross motion to enjoin the defendant is denied. Aside from the question whether section 6301 of the Civil Practice Law and Bules has any applieaticn to real property under contract of sale, it certainly should not be entertained where a prior Us pendens was cancelled for failure to make service within the statutory time.