Alexander W. Kramer, J.
Motion by plaintiffs for an order striking certain interrogatories heretofore served upon them by the defendant.
Interrogatories constitute a discovery device. As such and in the spirit of the statute creating them they should be given liberal construction and application.
CPLR 3131 indicates that “ Interrogatories may relate to any matters embraced in the disclosure requirement of section 3101 ”.
Section 3101 provides: “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ”. Exceptions thereto are (1) subdivision (b) — privileged matter; (2) subdivision (e) — attorney’s work product; and (3) subdivision (d) —material prepared for litigation.
Nowhere in the moving papers do defendants indicate that the questioned interrogatories fall within the interdiction of subdivisions (b), (c) or (d). Accordingly, it would seem — at first blush — that the plaintiffs should respond.
*150 However, CPLE 3130 provides that interrogatories may not he utilized in actions to recover damages for an injury to property or a personal injury, resulting from negligence.
The contract does allege a contract wherein and whereby the defendant undertook to erect a one-family dwelling for the plaintiffs; performance by the defendant in that the house was constructed; performance by the plaintiffs of all the conditions on their part to be performed; and guarantees by the defendant as to plumbing, heating, roofing and foundations.
The complaint goes beyond the concept of contractual obligations. It alleges careless and negligent performance by the defendant.
The defendant recognized this. The first affirmative defense pleads plaintiffs’ contributory negligence. The third affirmative defense pleads an act of God.
Inasmuch as the action sounds in negligence for the recovery of injury to property, it is the opinion of this court that the interrogatories were improper.
The motion is, therefore, granted.