Joseph F. .G-agliardi, J.
Defendant moves for an order pursuant to subdivision (a) of CPLR 6514 canceling two notices of pendency filed against certain real property. The underlying predicate in support of this motion is that a prior lis pendens filed against the same real property upon a complaint identical to those involved herein had been canceled by court order for failure to timely serve the summons as provided in CPLR 6512. Plaintiff contends that enactment of the Civil Practice Law and Rules abrogates prior judicial interpretation of predecessor legislation and that the issue presented is novel in that context. The issues raised are important and plaintiff’s arguments are worthy of discussion.
The procedural background of the instant matter is virtually undisputed. On June 5,1973 plaintiff filed a lis pendens against the subject property. The complaint filed with the County Clerk (Index No. 6870/73) indicates that plaintiff intended to commence an action for specific performance of an option agreement regarding the real property in question. No. summons or complaint was ever served on defendant. On ¡September 7,1973 *303 defendant moved by order to show cause returnable September 12, 1973 for cancellation of the Us pendens, which motion was granted on September 18,1973 by a short-form order filed the next day. Plaintiff did not oppose the motion but avers that it consented to the relief sought. However, plaintiff did not execute an affidavit to be filed with the County Clerk consenting to the relief (CPLR 6514, subd. [e]) and defendant did not formally stipulate in favor of cancellation (CPLR 6514, subd. [d]). Whether plaintiff actually communicated its consent to cancellation really is immaterial where the court issues an order for that relief based upon failure to timely serve the summons (Israelson v. Bradley, 308 N. Y. 511, 513).
On August ,2, 1973 plaintiff filed a second lis pendens against the same real property. The complaint filed with the County Clerk (Index No. -9129/73) is identical to the first complaint. No summons or complaint pertaining to this notice of pendency was ever served on defendant. Plaintiff states that its failure to serve said documents was inadvertent, and to rectify the mistake a third lis pendens was filed on September 12, 1973, which was the return day of defendant’s motion to cancel the first notice of pendency. These facts, known to plaintiff, were not revealed to the court nor to opposing counsel. The complaint filed with the County Clerk (Index No. 10832/73) is identical to the prior complaints. Plaintiff states that a summons was subsequently served on defendant. The record is silent on when the summons was served but defendant does not dispute that it was served within the statutory time period. Defendant has contracted to sell the real property but a title search ascertained that these two notices of pendency exist and the sale has been delayed pending their removal.
Based on this background defendant moves for an order canceling the last two notices of pendency on the ground that the filing of successive notices after a prior Us pendens has been canceled is improper. Defendant primarily relies upon the language contained in CPLR 6512 and 6514, subd. (a). Both sides also rely upon the landmark decision in this area by the Court of Appeals in Israelson v. Bradley (308 N. Y. 511). The cited case was decided in 1955 and is the only decision by our highest court involving the filing of successive notices- of pend-ency. The court there decided the issue presented by construction of the applicable provisions of the former Civil Practice Act. Plaintiff claims solace in the Israelson decision and argues that the .statutory change of language now found in CPLR 6512 coupled with the shortening of the time period to file the *304 summons (from 60 to 30 days) evinces a legislative intent to leave the matter to the sound discretion of the court. Plaintiff further contends that there has been a recent liberalization of the law in this area regarding mortgage foreclosure proceedings which principles ought to apply at bar. Plaintiff concedes that the second Us pendens must be canceled and directs its energies to sustaining the third. Its position in a nutshell is so simple as to be beguiling: the Legislature permits one to file a Us pendens in any action involving real property; it specifically provides for filing prior to commencement of an action; the latter filing is effective only if the summons is served within 30 days after the filing; if timely service is not effected the filing must be canceled on proper application; such cancellation, however, does not preclude the institution of an action, wherein a new Us pendens may be filed, and since a new notice may be so filed it is an exercise in futility for the court to cancel a new notice that was filed prior to suit where an action in fact has been commenced. For purposes of this argument it must be assumed that no rights of third persons regarding the real property have accrued.
It is readily perceived that the syllogism begs the question as it assumes that a new Us pendens may be filed after commencement of an action despite prior cancellation of a notice of pendency for failure to serve the summons. Nonetheless, in this context the question appears to be novel and a full discussion of the law in regard thereto is warranted.
It is elementary that on a motion for mandatory cancellation not addressed to the cause of action the court will not consider the merits of plaintiff’s claim (Sobieski v. North Div. Holding Corp., 39 Misc 2d 403). Furthermore, it is axiomatic that the filing of a Us pendens does not begin an action which is commenced by service of summons (Mentz v. Efficient Bldg. Corp., 145 Misc. 505 [Close, J.], affd. 234 App. Div. 797, affd. 258 N. Y. 616); nor does the service of a summons create a Us pendens (Leitch v. Wells, 48 N. Y. 585). At common law a lispendens could be filed without notice and indefinitely encumber the marketability of property (Hailey v. Ano, 136 N. Y. 569), It was to remedy the harsh results attendant upon such filings that the legislation was promulgated to prescribe the mode, manner and regulation of the Us pendens in real property cases (ibid.). Thus, a lis pendens is now considered a creature of statute in actions involving title, possession, use or enjoyment of real property (CPLR 6501; 13 Carmody-Wait 2d, New York Practice, Notice of Pendency of Action, § 87:1 et seq; *305 3 Warren’s Weed, N. Y. Beal Property, Notice of Pendency [Lis Pendens], § 1.04; 7'A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 6501.01-6501.03 ; 51 Am. Jur., 2d, Lis Pendens, § 7; Ann. 52 ALB 2d 1308 “Lis Pendens-Suecessive Notices”). The statute confers the privilege and unless the cause of action is within its terms the notice of pendency will be canceled (Braunston v. Anchorage Woods, 10 N Y 2d 302; Raimonda v. Cahn, 26 A D 2d 939; 13 Carmody-Wait 2d, §§ 87:7, 87:8 ; 7A Weinstein-Korn-Miller, par. 6501.05). Where the notice is filed in an action in which such notice may be filed, it cannot be canceled except as the statute directs (Beman v. Todd, 124 N. Y. 114).
CPLB 6512 provides that ‘ ‘ A notice of pendency filed before an action is commenced is effective only if, within thirty days after filing, ¡a summons is served upon the defendant ’ ’. A validly filed lis pendens is effective for three years and is subject to extension .for a like period (CPLB 6513). Subdivision (a) of CPLB 6514 entitled “ Mandatory cancellation ” provides that the court “ shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512 ’ ’. The subdivision further provides for mandatory cancellation where other conditions exist not relevant here. Subdivision (b) of CPLB 6514 entitled “Discretionary cancellation” permits the court to cancel a lis pendens after an action has been commenced for failure to prosecute the action in good faith.
Prior to 1957 when the predecessor version of subdivision (a) of CPLB 6514 was amended there did not exist any direct legislation penalizing a party for failure to serve the summons within the applicable time limit. The courts, therefore, used the discretionary cancellation provisions of the civil practice statutes and canceled the notice for failure to prosecute the action (see, e.g., Napoli v. Frank, 202 App. Div. 482). ¡Some courts, however, granted applications for cancellation in such cases as a matter of right (see e.g., Landy v. Landy, 114 N. Y. S. 2d 250). The statutes were strictly construed and while service of the summons on some but not all defendants would preclude the grant of an order of cancellation (Baer v. Schwartz, 14 A D 2d 539), mere delivery of the summons to the Sheriff was insufficient for that purpose (Cohen v. Biber, 123 App. Div. 528). Furthermore, service of the summons beyond the statutory time period but prior to the .return date of the motion to cancel the lis pendens would not defeat the motion (Brown v. Mando, 125 App. Div. 380; Landy v. Landy, supra).
*306 As indicated earlier, the parties rely upon Israelson v. Bradley (308 N. Y. 511, supra) to support their diverse positions. In Israelson the plaintiff filed a notice of pendency but failed to timely serve the summons. Defendant moved for an order of cancellation and plaintiff consented to entry of same but prior to the return date of the motion filed a new lis pendens and on the same day served the summons and complaint. Defendant moved to cancel the second notice which motion was denied at Special Term and was affirmed iby ¡a divided Appellate Division. Upon certification of the issue to the Court of Appeals, the latter court unanimously reversed and directed cancellation. Israel-son as was observed fwas decided in 1955 and the Court of Appeals construed the predecessor provisions of CPLR 6512 and 6514. Former section 120 of the Civil' Practice Act provided that a Us pendens may Ibe filed before service of the summons “ but, in that case, personal or substituted service of the summons must be made upon a defendant, within sixty days after the filing”. Former section 123. of the Civil Practice Act provided that upon the happening of certain conditions after an action has been commenced the court on application “ shall direct that a notice of the pendency of an action be canceled ’ ’. The Court of Appeals in Israelson noted that section 123 did not cover a situation, as presented there, where the summons had not been timely filed. It was observed that the filing of a Us pendens constitutes notice to all persons who subsequently take an interest in the real property (see 42 N. Y. Jur., Notice and Notices, § 11, p. 393) and amounts to an “extraordinary privilege” afforded a litigant (308 N. Y. 511, 516). Although the Civil Practice Act did not directly concern itself with the situation presented, the court further noted that prior construction of the statute and its predecessor, the 'Code of Civil Procedure (see Lipschutz v. Horton, 55 Misc. 44), by intermediate appellate and nisi prius courts had been uniform in holding that the filing of a second notice iof pendency was improper (308 N. Y. 511, 516). Accordingly, the court held that a strict compliance with the statute is required and a further grant of power to file a new notice for the same cause must be denied. In closing, the court did note that a different rule would apply where the defendant attempted to evade service.
In response to Israelson the Judicial Conference of the State of New York ¿recommended certain changes to the notice of pendency legislation. It was suggested that the time period for service of the summons be reduced to 30 days to “ effect *307 conformity of the law of lis pendens with the law of attachment ’ ’ which at that time had a 30-day time period for service of the summons upon the prior grant of a writ of attachment (Second Annual Report of N. Y. Judicial Conference, 1957, p. 112). The Legislature did not initially adopt this recommendation. More importantly, the Conference recommended that section 123 he amended to provide for mandatory cancellation where a plaintiff failed to timely serve the summons (supra, pp. 117-120). Significantly, the report states (p. 119): “It is recommended that the section be amended to state that the failure of the plaintiff to serve the summons within the time prescribed therefor shall be a ground for cancellation of the notice, and that in such case, the direction of cancellation, upon due application therefor, shall be mandatory ”.
In 1957 the above change was adopted by the Legislature (L. 1957, ch. 877, § 3; see Memorandum of Judicial Conference, 1957, N. Y. Legis. Annual, p. 23). Section 123 as amended provided that: “ If a plaintiff filing the notice before the service of the summons fails to serve the same within the time prescribed in this article * * * the court, upon application * * * shall direct that a notice of the pendency of an action be cancelled of record ”.
Thereafter, it was held that where the first notice was canceled upon an ex parte application for failure to timely serve the summons a second notice could not properly be filed on the same cause of action (Lanzoff v. Bader, 13 A D 2d 995).[1] Research discloses only two cases which have discussed the problem extant under the CPLR (Pellingra v. Falcone, N. Y. L. J., Nov. 22, 1968, p. 17, col. 3; Teichman v. Marrazzo, 42 Misc 2d 354)[2] which reached the same results as in Israelson.
*308 After Israelson (supra) and enactment of the CPLR, the commentators are uniform in concluding that once a notice is canceled a new one cannot ,be filed upon the same property and same cause of action (13 Carmody-Wait 2d, supra, §§ 87:43, 87:44, 87:55 ; 3 Warren’s Weed, N. Y. Real Property, Notice of Pendency ■§ 1.07, supra; 7A Weinstein-Korn-Miller, pars. 6512.04, 6514.0,6). Indeed, the Supplementary Practice 'Commentary to iCPLR 6512 .states: ‘ ‘ Plaintiffs would do well to recall that if service is not made within the prescribed thirty day period and the notice of pendency therefore becomes ineffective, they may never again on the same cause of action file a notice of pendency against the defendant.” (McKinney’s Cons. Laws of N. Y., Book 7B [1973/74 Supp.], p. 91.) The commentary goes on to present a hypothetical ¡situation in which a notice is filed, service of the summons is not timely but an action is thereafter commenced. In such case, the commentator observes that the lis pendens is void but may be effective .against third-party purchasers of the property. However, while agreeing that a defectively filed lis pendens is void, it has been held that purchasers of the real property with knowledge of the filing take title free of the plaintiff’s claims thereto (Skoler v. Rimberg, 20 AD 2d 580).
It is true, as asserted by plaintiff, that in actions to foreclose mortgages on real property a new lis pendens may be filed despite cancellation of a prior notice (Robbins v. Goldstein, 36 A D 2d 730, app. dsmd. 28 N Y 2d 924, stay granted 30 N Y 2d 621, id. 32 A D 2d 1047, app. dsmd. 26 N Y 2d 749; see Mechanics Exch. Sav. Bank v. Chesterfield, 34 A D 2d 111). The Appellate Division, Second Department, in Robbins (supra) held that the filing of a lis pendens was a condition precedent to recovery of judgment in real property mortgage foreclosures (Real Property Actions and Proceedings Law, § 1351) whereas the filing under CPLR 6501 was merely an added privilege afforded a litigant. Furthermore, both Bobbins and Chesterfield carefully distinguished mortgage foreclosure proceedings from those situations involving prior cancellation of notices in the ordinary real property cases (36 A D 2d, at p. 731; 34 A D 2d, at p. 114). Indeed, Israelson was expressly reaffirmed as the law applicable in nonmortgage foreclosure proceedings (ibid.; 46 St. John’s L. Rev. 176 [1971]).
The parties have not cited and research has not disclosed á case in which a notice was filed after an action had been commenced where the first notice had been canceled for failure to timely serve the summons (cf. Teichman v. Marrazzo, 42 Misc *309 2d 354, supra, [.where second notice was “ filed ” with the County Clerk together with the summons and complaint]). In Israelson (supra), the second notice was filed prior to service of the summons and complaint which were served on the same day of the filing (308 N. Y., at p. 613). Applying the maxim that the law excludes fractions of a day in resolving disputes unless the hour itself is material (General Construction Law, § 20; Marvin v. Marvin, 75 N. Y. 240; Goon v. Fu Manchu’s Rest., 253 App. Div. 531; Carter v. Brockway Motor Co., 248 App. Div. 734; Avery v. Title Guar. & Trust Co., 230 App. Div. 519; 1964 Atty. Gen. [Inf. Opns.] 145; cf. Frank Pompea, Inc. v. Essayan, 36 A D 2d 745), it would appear that Israelson is strong authority for the proposition that a new notice may not be filed after commencement of an action where a prior notice had been canceled for failure to serve the summons.
In ascertaining the purpose of a statute the court must consider its legislative history (McKinney’s, Statutes § 124) and resort may be had to committee reports concerned with the legislation (Interchemical Corp. v. Mirabelli, 269 App. Div. 224, 227; McKinney’s Statutes, § 125, subd. b.). The statements made by the Judicial Conference in support of the 1957 amendments constitute persuasive authority for the correct interpretation of the legislation (Matter of Moroney, 203 Misc. 557, 558).
The fact that the Legislature waited until 1963 when the CPLR was enacted to reduce the time period for service to 30 days really does not bear upon the construction to be accorded the statute. Upon enactment in 1963 the new time period was identical with the 30-day requirement embodied in the attachment legislation (CPLR 6213). In 1969 the latter section was amended to increase the time for service to 60 days (L. 1969, eh. 208) so that at present the diverse time periods for service in attachments and notices of pendency cases are directly contrary to the situation that existed under the Civil Practice Act. Consequently, changes in the time periods are really probative of nothing. What is relevant is that in 1957 the Judicial Conference proposed several amendments regarding notices of pendency one of which would have reduced the time period for service. That particular recommendation was first rejected and then adopted six years later. However, in proposing the amendments the Conference’s .observations noted earlier, regarding mandatory cancellation remain as persuasive authority.
Israelson may be read to hold, as plaintiff urges, that cancellation under these facts rests in the court’s discretion. However, *310 the 1957 legislation as carried forward into the CPLR, while nominally confirming Israelson in result, removes the matter from the court’s discretion and mandates cancellation (Pellingra v. Falcone, N. Y. L. J., Nov. 22, 1968, p. 17, col. 3, supra; Teichman v. Marrazzo, 42 Misc 2d 354, supra). A remedy must exist, for otherwise plaintiff could indefinitely restrict alienability of the real property by the successive filings of notices of pendency.[3] It is to be emphasized that plaintiffs can file these notices ex parte, without court order and need not post a bond. It is only after an action is commenced that defendants can obtain removal of the notice upon posting an undertaking or require plaintiff to give an undertaking in lieu of cancellation (CPLR 6515). However, absent commencement of an action defendants do not obtain notice of the filing which remains of record and is usually discovered upon a title search when the property is about to be sold.
Lipschutz v. Horton (55 Misc. 44) is a matter closely analogous to the instant one. There plaintiff’s first two notices were canceled for failure to serve the summons. Plaintiff filed a third notice but prior to the expiration of the time for service of the summons defendant moved for an order of cancellation. The motion was granted and the court held (p. 45) that the statute (Code Civ. Pro., § 1670) “ does not permit the filing of successive notices so as to enable plaintiff to obtain the benefit of a notice of pendency of action, indefinitely, without service of a summons ”. The court further noted that the prior order of cancellation was the law of the case and filing further notices would not be countenanced. On virtually identical facts the appeals court in Cohen v. Ratkowsky (43 App. Div. 196) reached the same result and espoused a similar rationale. The Court of Appeals in Israelson confirmed the foregoing principles and expressly approved of the Lipschutz and Cohen decisions (308 N. Y. 511, 516).
1 ‘ The plaintiff still has his cause of action; he has, by his own neglect, waived the protection of his lis pendens, and he has no right to complain of the action of the court in canceling it of *311 record ” (Cohen v. Biber, 123 App. Div. 528, 530). Accordingly, the court holds that, in the absence of an attempt to evade service (William Iser, Inc. v. Garnett, 46 Misc 2d 450) and the lack of specific legislation authorizing a new filing (Robbins v. Golstein, 36 A D 2d 730, supra), a plaintiff may not file new notices of pendency where a prior notice was canceled for failure to serve the summons.
Consequently, defendant’s motion to cancel the second and third notices is granted.

. The Record on Appeal (App. Div. 2d Dept. No. 5884) reveals that plaintiff filed a prior lis pendens without ever having served the summons. On plaintiff’s own motion the first “action” was ordered discontinued without prejudice and the lis pendens was canceled. A new lis pendens was filed and action subsequently commenced. The Appellate Division reversed the order of Special Term and granted defendant’s motion for cancellation.

. Pellingra and Teichman each involved two lis pendens where no action had been commenced prior to the filing of the second notice. In Pellingra the summons was not timely served regarding the first lis pendens and the court granted defendant’s motion to cancel both notices. Mr. Justice Wegmaet there stated: “A plaintiff who does not complete the service of the summons within the limited time after the notice of pendency is first filed cannot be allowed to continue to encumber the defendant’s real property by a subsequent filing of the same notice after an interval, without doing violence to the whole purpose of the interrelated provisions of article 65 of the CPLR”.

. It is highly unlikely that plaintiffs could be cast in damages in tort for exercising their claimed right to file a lis pendens (cf. Chappelle v. Gross, 26 A. D. 2d 340; Bronstein v. Dayton Peninsula Corp., 11 A. D. 2d 1036; CPLR 6514, subd. [e]). However, counsel for such plaintiffs may run afoul of the provisions of the Code of Professional Responsibility, particularly Disciplinary Rule 7-102 (A) (1) wherein an attorney is admonished not to take any actions on behalf of a client which obviously merely serve to harass another. The court does not ascribe to plaintiff’s counsel herein actions in violation of the code and shall proceed to conclude the matter on the merits.