Alexander W. Kramer, J.
The amended complaint sets forth two causes of action. One cause predicated upon the alleged false and fraudulent representations of the defendants seeks recovery of $1,952. The other cause claiming that "defendants’ aforesaid acts were wilful and wanton”, seeks punitive damages of $6,000.
Plaintiff has sought to elicit certain pretrial information from the defendants. Interrogatories, embracing 103 separate questions (as well as, indeed, the various subdivisions of some, too many to hereat enumerate) have been set forth in 32 plus double-spaced pages, each 8V2 inches by 11 inches.
Defendants have moved for an order "striking certain objectionable interrogatories.” Reduced to relatively simple terms, defendants’ attack is directed at some 82 of the 103 queries, certainly not an insubstantial number. The gist of the objections is that the interrogatories attacked are either "irrelevant”, "immaterial”, or "evidentiary in nature”.
The subject of disclosure has been treated by our Legislature in CPLR article 31. One of the devices therein set forth is that of interrogatories.
Article 31, while not a verbatim portion of the Uniform District Court Act, has been made applicable by reference thereto, contained in said statute. (Uniform District Court Act, § 1101.)
CPLR 3101 provides, inter alia:
"(a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
"(1) a party, or the officer, director, member, agent or employee of a party”. (Emphasis supplied.)
Thus, as under the old Civil Practice Act and its predecessor, the Code of Civil Procedure, burden of proof no longer is a criterion. Materiality and necessity now measure the scope of disclosure; within certain reasonable limits, of course.
*239 In this action, the plaintiff having previously obtained a judgment against All Weather Exteriors, Inc., and having determined that she cannot enforce payment against the corporation, now seeks, through this action, to proceed against the two defendants in their individual capacities. The attempt is admittedly aimed at piercing the corporate veil.
The prolixity of questions propounded by plaintiff’s attorney have, as their thrust, this primary directive. They are indeed wide and far afield in their range. Yet they may be within scope. The area involved is a wide one: plaintiff’s contention, one easy to assert, but difficult to prove. If there is merit thereto, broad latitude in developing the proof should follow. The areas of inquiry may well fall within that orbit.
Interrogatories should be given liberal construction and application; they are a discovery device. (Marotta v Roundtree Estates, 50 Misc 2d 149.)
Professor David Siegel, in his commentary to CPLR 3101 at page 8 of McKinney’s Consolidated Laws of New York (Book 7B) observed: "Acknowledging that the unfettered use of the disclosure devices can in a given instance work to the undue detriment of a litigant with limited resources, or otherwise be used more for the purpose of harassment and delay than the legitimate ends of litigation, article 31 supplies a device known as a 'protective order’ (CPLR 3103). That provision, which affords the court a wide discretion in preventing abusive resort to the disclosure devices, has general application to all of article 31, and so it, too, should be kept in mind by the lawyer who wants to familiarize himself with the Article’s structure.” (Emphasis supplied.)
At pages 684 and 685 of the same text, Professor Siegel further observed: "Each interrogatory must be separately answered and must be preceded by the question to which it responds. The serving party should so draw his list of questions that there is room following each question to house the answer it calls for. The recipient should not be burdened with drawing up his own paper, repeating the questions in order to answer them as required by CPLR 3134(a). If space on the question sheet proves inadequate for any given answer, additional sheets can be appended by the answerer with a cross-reference to them following the question.”
Whether the interrogatories as propounded fall within the framework of being harassing in nature sufficiently to the point of interdiction is not now being decided.
*240 The length of the interrogatories as propounded, coupled with the failure of plaintiffs attorney to give heed to the equitable suggestions set forth by Professor Siegel, impel this court to strike the interrogatories in their entirety.
New interrogatories may be propounded in proper form and in adherence with the foregoing.
Should defendants feel further aggrieved by such repropounded interrogatories they may move according to either CPLR 3133 or CPLR 3103.
Therefore, an order shall be entered herein striking all of the interrogatories as propounded with leave to reserve newly propounded interrogatories in accordance with the foregoing.