THOMAS E. VINCENT, Plaintiff, v LAWRENCE SEAMAN, as Executor of ELSIE SEAMAN, Deceased, Defendant.

County Court, Greene County, January 10, 1989

**APPEARANCES OF COUNSEL**

*Paul M. Whitaker* for defendant. *Robert E. Carpenter* for plaintiff.

**OPINION OF THE COURT**

JAMES J. BATTISTI, JR., J.

Defendant moves for an order pursuant to CPLR 3126 (3) striking the amended complaint and granting defendant a default judgment by reason of plaintiff's unreasonable neglect and refusal to proceed, or in the alternative, pursuant to CPLR 3126 (1) and (2) deeming resolved in defendant's favor

those issues covered by defendant's first set of interrogatories to plaintiff, and prohibiting plaintiff from supporting the contentions covered by the subject interrogatories or producing evidence in support thereof, and from opposing any defenses to which the said interrogatories may relate, and for further relief. Plaintiff opposes the motion and submits a cross motion seeking a protective order nunc pro tunc directing defendant to accept answers to interrogatories as served, and for further relief. Defendant opposes the cross motion.

■ The cross motion is untimely, having been served by mail on the day preceding the return date of the motion, whereas CPLR 2215 requires service of a notice of cross motion to be made at least three days prior to the return date. No prejudice appearing, the court will consider the merits of the cross motion and has afforded defendant the opportunity to submit papers in opposition thereto. (CPLR 2001.)

All technical procedural matters relating to time and manner of service of papers aside, the subject of this motion concerns the proper format for answers to interrogatories.

Defendant served upon plaintiff his first set of interrogatories, consisting of 74 itemized questions, 12 of which containing multiple subdivisions, altogether in length 19 pages of double-spaced typed text. The answers prepared by plaintiff consisted of 10 pages of responses keyed to the questions by number, some of them single spaced, produced with the aid of a sophisticated word processing program and a laser printer. In furnishing his response to defendant, plaintiff did not retype the questions, instead providing all answers together in a separate document. It is unclear from the papers whether the copy of the answers served was annexed to a copy of the questions. Plaintiff seeks the court's approval of this form of answer nunc pro tunc. Defendant objects to the answers in this form.

CPLR 3134 (a) provides that "[e]ach question shall be answered separately and fully and each answer shall be preceded by the question to which it responds." Plaintiff contends that, since the statute does not explicitly state that each answer shall be immediately preceded by its corresponding question, the statute is satisfied if all the answers are preceded by all the questions.

This is a unique and interesting argument, and initially appealing. However, research indicates it is not supported by the history and interpretation of CPLR 3134. "It is a general

custom of practice adopted by attorneys for their mutual convenience * * * that after each separated question there appears a blank space reasonably calculated to enable the answering party to have an answer typed in." (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3132.04.) New Jersey Civil Practice Rules, rule 4:23-5 explicitly provided that if the space provided is insufficient, "the answering party may insert additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer." (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3134.01.) It was evidently intended to incorporate this practice into the last sentence of CPLR 3134 (a). *(See,* Final Report of Advisory Comm on Practice and Procedure, at A-454 [advance draft 1961] ["for the sake of mechanical convenience to the court and other parties the answers should be required to repeat the questions, even though this may be somewhat burdensome in some cases"].)

Various commentators have searched for an ideal method of producing a coherent question and answer format without causing undue burden to the answerer. "The recipient should not be burdened with drawing up his own paper, repeating the questions in order to answer them as required by CPLR 3134 (a). If space on the question sheet proves inadequate for any given answer, additional sheets can be appended by the answerer with a cross-reference to them following the question." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3134:1, at 685.)

Although Professor Siegel himself states that this is but a suggestion and not a binding requirement of the statute (1976 Supp Practice Commentaries, *op. cit.,* CPLR C3134:1, 1989 Supp Pamph, at 405), nonetheless at least one court has seen fit to strike interrogatories with leave to resubmit where lengthy interrogatories were propounded without spaces provided for insertion of the answers *(Nichetta v Lavender,* 82 Misc 2d 237). The court notes that while plaintiff's response here may be defective in form, it is more responsive and tractable than other responses which could have been made. If plaintiff had for instance commenced his answer to each interrogatory within the space available between questions, and continued each answer on separate sheets, the form of the result may have been within the letter of the statute as reflected in custom and practice, but its content would have been utterly unintelligible.

■ The court is satisfied with the form of the answers to interrogatories prepared by plaintiff and orders that they may stand. It appears, however, defendant is entitled to answers to his interrogatories in traditional form if he so insists. Accordingly, the court directs that defendant may in his discretion serve new copies of the first set of interrogatories with spaces provided for insertion of answers by plaintiff. If defendant so elects, plaintiff may then at his option either insert typed answers upon the interrogatories served by defendant, or he may choose to retype the questions and insert them between the answers he has prepared (and presumably retains) in electronic form in his word processor. In this way, at the conclusion of this matter both law offices involved will have typed the equivalent of one complete set of questions and answers.

In closing, the court notes that in such matters "the parties ought to be able to work out their own method without the need for judicial intervention for so picayune a matter of form." (Siegel, 1976 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3134:1, 1989 Supp Pamph, at 405-406.) In this electronic age, a procedure which the court suggests to the profession is the exchange of interrogatories in magnetic recorded form, with hard copy attached.

The use of computers as word processors in law offices has become commonplace, even in relatively rural Greene County. While the particulars of office automation vary widely, in those law offices which have acquired word processing equipment and software, the double-sided, double-density (360K) floppy disk with text files containing ASCII coded text is a virtual generic standard. Most equipment now in use can utilize this medium, and most major word processing software can exchange documents stored in this form.

The advantage of the court's suggestion is apparent. The proponent serves a compact, readable set of interrogatories upon his adversary, with a copy of the questions on disk included. The recipient loads the electronic document directly into his word processor, avoiding the need to retype the questions. He then obtains answers to the questions using the hard copy, and inserts them as appropriate into the word processing document, where he can manipulate and format the text as he pleases, finally printing and serving a coherent, readable question-and-answer format document without distracting cross references and extra sheets, as useful at trial as

the transcript of an EBT. *(See,* CPLR 3131.) Courtesy would dictate that he return the proponent's disk as well.

The court realizes the procedure outlined above is unworkable unless the attorneys involved possess both compatible equipment and a sense of professional courtesy and accommodation. In the belief and hope that both are achievable, the foregoing suggestions are offered.

Motion and cross motion denied except to the extent hereinabove indicated, without costs to either party.