■ THOMAS E. VINCENT, Respondent, v LAWRENCE SEAMAN,

as Executor of ELISE SEAMAN, Deceased, Appellant.—Levine, J. Appeal from that part of an order of the County Court of Greene County (Battisti, J.), entered January 20, 1989, which, *inter alia,* granted plaintiff a preliminary injunction.

Defendant, as executor of the estate of Elise Seaman, sought to sell real property located in the Village of Catskill, Greene County. In September 1987, defendant entered into a contract with Alan Matthews for the sale of the realty. The contract provided that it was "subject to" the buyer completing a mortgage application on or before September 23, 1987. The contract also contained a mortgage contingency clause and representations that the roof and major systems of the house were in good condition.

In October 1987, Matthews assigned a 50% interest in the contract to plaintiff. A second assignment conveying the remaining 50% interest was assigned to plaintiff in December 1987. In the meantime, defendant agreed to extend the mortgage contingency date to December 20, 1987. Plaintiff obtained a financing commitment on December 29, 1987.

Thereafter, plaintiff apparently learned that problems existed with the septic and plumbing systems which precluded a firm mortgage commitment from his lender. Negotiations between the parties' attorneys continued through March 1988 in an attempt to resolve the impediments to closing. When these negotiations proved unsuccessful, plaintiff filed a notice of pendency against the subject property. Plaintiff, however, failed to serve a summons and complaint within the requisite 30-day period *(see,* CPLR 6512) and defendant moved for an order vacating the notice of pendency under CPLR 6514 (a). On plaintiff's consent, an order vacating the notice of pendency was entered. Plaintiff then filed a second notice of pendency on July 7, 1988 and served a summons and complaint on defendant on July 18, 1988. Defendant sought an order vacating the second notice of pendency. While defendant's motion was pending, plaintiff applied by order to show cause for a preliminary injunction and obtained a temporary restraining order prohibiting defendant from selling or transferring the property. Plaintiff also filed an amended notice of pendency and an amended complaint. Defendant cross-moved for an order vacating the amended notice of pendency and dismissing the amended complaint.

County Court rendered two decisions which canceled the second notice of pendency and the amended notice of pendency, granted a preliminary injunction to plaintiff and set

the amount of the undertaking. The two decisions were incorporated into a single order. Defendant now appeals.

On appeal, defendant contends that County Court erred in permitting plaintiff to obtain a preliminary injunction where, as here, plaintiff was precluded from filing a second notice of pendency based upon the cancellation of a prior notice pursuant to CPLR 6514 (a) (see, Teichman v Marrazzo, 42 Misc 2d 354, 356; see also, Chiulli v Cross Westchester Dev. Corp., 134 AD2d 559; Gargano v Rubin, 130 AD2d 709, 710; Holiday Investors Corp. v Breger & Co., 112 AD2d 979). We disagree. We find nothing in the relevant statutes (CPLR arts 63, 65) to support defendant's argument that a litigant who has unsuccessfully attempted to utilize a notice of pendency in an action is thereafter precluded from seeking any other form of provisional relief. In our view, a preliminary injunction is available as a wholly independent remedy to a party seeking specific performance of a contract for the sale of real property (see, Gresser v Princi, 128 AD2d 752, appeal dismissed 70 NY2d 693; but see, Teichman v Marrazzo, supra).

Defendant also contends that County Court erred in granting plaintiff's application for a preliminary injunction since plaintiff failed to demonstrate a likelihood of success on the merits, irreparable harm if the injunction is not granted and a balancing of the equities in plaintiff's favor (see, Gresser v Princi, supra, at 753; Atlantic Craft Kitchens Corp. v Eichhorn, 119 AD2d 613, 615). Defendant argues that plaintiff is unable to establish a meritorious claim because Matthews' signature does not appear on the second assignment of the contract of sale to plaintiff. A Statute of Frauds defense, however, is a defense personal to the assignor and cannot be raised by defendant, a stranger to the assignment agreement, to defeat the enforceability of the contract of sale (see, Dante v 310 Assocs., 121 AD2d 332, 334, lv denied 68 NY2d 607; 61 NY Jur 2d, Statute of Frauds, §§ 231, 233, at 361-362, 363-364). Even if this objection could be raised by defendant, the existence of the second assignment and its execution by Matthews is adequately supported by affidavits.

Defendant also contends that plaintiff did not demonstrate a likelihood of success on the merits since he could not prove compliance with a condition precedent in the contract. The contract term relied on by defendant provides: "This Contract is subject to the Purchaser completing and filing a Mortgage Application with a lending institution of his choice on or before September 23, 1987."

It is not clear from the contract that this term was intended

to operate as a condition precedent to the creation of a binding agreement. Where, as here, the term is ambiguous, a construction which creates a condition precedent is not favored *(Manning v Michaels,* 149 AD2d 897, 898). Even assuming that a condition precedent was intended, we agree with County Court's finding that defendant's conduct in granting an extension of the mortgage contingency clause and continuing negotiations toward effecting a closing until March 1988 constituted a waiver of such a condition.

As to defendant's other objections to the granting of the preliminary injunction, we conclude that County Court properly found that, in light of the unique nature of the realty and that the relief sought by plaintiff is specific performance of the contract, plaintiff would suffer irreparable harm if defendant was allowed to transfer, sell or encumber the realty during the pendency of the action *(see, Seitzman v Hudson Riv. Assocs.,* 126 AD2d 211, 214; *see generally, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 192). With respect to defendant's contention that the equities do not favor plaintiff in this case, it is sufficient to note that the record does not contain an affidavit by defendant or anyone else with knowledge to substantiate the allegations that plaintiff is guilty of fraud or unclean hands. Based on the foregoing, we discern no error in County Court's decision to grant plaintiff a preliminary injunction in this case. We have considered defendant's remaining contentions and find them also to be without merit.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur. *[See,* 142 Misc 2d 196.]