**COUNTRYWIDE HOME LOANS,
INC., Plaintiff–Appellee,**

v.

**Gary BROWN, Defendant–Appellant.**

No. 05–6853–cv.

United States Court of Appeals,
Second Circuit.

March 8, 2007.

Gregg P. Tabakin, Fein, Such, Kahn &
Shepard, P.C., Parsippany, New Jersey,
for Plaintiff–Appellee.

Regina Felton, Felton & Associates,
Brooklyn, New York, for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL,
Hon. SONIA SOTOMAYOR, Circuit
Judges, Hon. CAROL BAGLEY AMON,

District Judge.*

## SUMMARY ORDER

Defendant-appellant Gary Brown appeals from a judgment and judgment of foreclosure and sale entered in favor of appellee Countrywide Home Loans, Inc. by the United States District Court for the Eastern District of New York (Pohorelsky, M.J.). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We first address two disputed procedural issues. First, this appeal is not moot because Brown challenges not only the district court's judgment of foreclosure and sale, the appeal of which would likely have been mooted by Brown's voluntary sale of his home and satisfaction of his mortgage, but also the district court's calculation of Brown's debt to Countrywide, which included contested fees, penalties and interest. Were Brown to succeed on any of his theories of the case, he might be entitled to recover any excess moneys paid to Countrywide, and therefore this appeal would present a "live" controversy amenable to resolution by this court. *See R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d 102, 105 (2d Cir.1989).

■ Second, Countrywide has standing to prosecute this foreclosure action against Brown despite the absence of a written assignment of his mortgage from Fairbanks to Countrywide at the time Countrywide initiated the present action. Brown, citing the New York statute of frauds concerning real property, N.Y. Gen. Oblig. Law § 5–703, claims that the absence of such a writing renders the assignment of his mortgage invalid. But a statute of frauds defense cannot be raised by a third party to the contract at issue. *See Vincent v. Seaman*, 152 A.D.2d 841, 843, 544 N.Y.S.2d 225 (N.Y.App.Div.1989) ("A Statute of Frauds defense, however, is a defense personal to the assignor and cannot be raised by defendant, a stranger to the assignment agreement, to defeat the enforceability of the contract of sale."); *Dante v. 310 Associates*, 121 A.D.2d 332, 334, 503 N.Y.S.2d 786 (N.Y.App.Div.1986) ("The law is clear that oral contracts that come within the provisions of the statute [of frauds] are not void, but voidable; that if the Statute of Frauds is not timely interposed as a defense by the party to be charged or his successors in interest, it is waived; and that the Statute of Frauds is a personal defense which cannot be interposed by a third party."). Accordingly, as the oral assignee of the mortgage, Countrywide had standing to initiate the instant foreclosure action against Brown.

■ Moving on to the substantive issues, we first must determine whether the schedule of Brown's payments to Fairbanks ("P9") was properly admitted into evidence by the district court. We review the district court's ruling to admit or exclude evidence for abuse of discretion, and will reverse only where such a ruling is "manifestly erroneous." *United States v. Samet*, 466 F.3d 251, 254 (2d Cir.2006). Here, the district court was well within its discretion in admitting P9 pursuant to the hearsay exception for incorporated business records elaborated by this Court in *United States v. Jakobetz*, 955 F.2d 786 (2d Cir.1992). Uncontradicted testimony adduced at trial indicated that Countrywide conventionally incorporated payment schedules prepared by mortgage servicing agents into their day-to-day management of mortgage accounts, satisfying the foun-

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

dation requirements articulated in *Jako-betz*. Thus, there was no error in the district court's admitting P9 into evidence.

Finally, Brown has not identified any error in the proceedings below that might entitle him to relief. He has not directed this Court to any payments that Country-wide failed to credit to his account, or made any colorable claim that the district court improperly deemed him to be in default on his mortgage. Moreover, he has not identified any statutory or com-mon-law remedy that might entitle him to recover attorneys fees.

Accordingly, for the reasons set forth above, the judgments of the district court are hereby AFFIRMED.