■ ELJAY JRS., INC., Respondent, v RAHDA EXPORTS et al., Appellants, et al., Defendant, and BANK OF INDIA et al., Intervenors-Appellants. STATE BANK OF INDIA et al., Proposed Intervenors-Appellants. — Order of the Supreme Court, New York County (Albert Williams, J.), entered March 23, 1983, which granted plaintiff's motion for a preliminary injunction enjoining defendant Chemical Bank from honoring any drafts or demands for payment under eight specified letters of credit, totaling $389,300, is unanimously reversed, on the law and the facts, and the motion for a preliminary injunction is denied, with costs. Plaintiff Eljay, Jrs., Inc., is a dress manufacturer which has its principal place of business in New York. Early in 1982, plaintiff ordered merchandise from eight manufacturers located in New Delhi, India (the shippers). Plaintiff directed Chemical Bank to issue eight letters of credit as payment for the merchandise. The transaction was to be conducted through several advising banks in India, including the intervenors-defendants in this action: Bank of India, Bank of Tokyo, Ltd., Canara Bank, State Bank of India, and New Bank of India. Each letter of credit sets forth the conditions necessary for payment. In September, 1982, plaintiff instructed Chemical Bank not to honor drafts or demands for payment presented pursuant to the letters of credit. Chemical determined that the conditions specified on the face of five of the letters of credit had been met, and thus informed plaintiff that it would dishonor only three of the eight. Plaintiff then commenced this action against the shippers

and Chemical Bank, arguing that the shippers (1) failed to present the merchandise to air carriers in time for shipment by the last date set forth in the letters of credit, (2) did not supply importation documents as required by United States Customs, and (3) falsified documents so that it appeared the shippers timely delivered the merchandise to the air carriers. Plaintiff Eljay, Jrs., asserts that, although the documents facially complied with the letters of credit, such documents were necessarily falsified by the defendant shippers because the goods were in fact delivered late to the airlines. Plaintiff contends that the shippers then presented the fraudulent documents to Chemical Bank through the intervenor-defendant advising banks. All defendants except Chemical Bank appeal the order of Special Term granting the motion for a preliminary injunction with respect to the eight letters of credit. The letters of credit recite that the transaction is to be governed by the Uniform Customs and Practice for Documentary Credits (UCP). However, inasmuch as the UCP has no provision governing dishonor in the event of fraud, relevant provisions of the New York Uniform Commercial Code are applicable. (See *United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254, 258, n 2.) Subdivision (2) of section 5-114 of the Uniform Commercial Code provides that, unless otherwise agreed, the issuer of a letter of credit must honor a draft or demand for payment when the draft or demand on its face complies with the terms of a credit and the negotiating bank demanding payment is a holder in due course, notwithstanding that "a required document * * * is forged or fraudulent or there is fraud in the transaction". Section 3-302 (subd [1], par [c]) of the Uniform Commercial Code stipulates that, to acquire holder in due course status, a holder must, *inter alia,* take the instrument "without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." To obtain a preliminary injunction, plaintiff must show a likelihood of success on the merits. (See *Gulf & Western Corp. v New York Times Co.,* 81 AD2d 772, 773.) It must show that, if fraud or forgery is present, the advising banks did not take the documents as holders in due course. In addition, plaintiff must show that it would suffer irreparable injury if the demands for payment are honored. (*Supra*). Plaintiff's proof concerning the fraudulent stamping of shipping dates consists of letters and affidavits attesting to the alleged tardiness of the defendants' shipments. However, plaintiff fails to connect this proof with any fraud sufficient to establish any likelihood of success on the merits. To prove that the defendant advising banks knew of the late shipping dates when they negotiated the drafts, and thus did not demand payment of Chemical Bank as holders in due course, plaintiff asserts that the banks met with the shippers and discussed the late shipping dates. However, the source of this information, a former agent of the plaintiff, refused to sign an affidavit attesting to matters discussed at the meeting. Thus, even assuming plaintiff's allegations of fraud are substantiated, the proof offered by plaintiff to refute the banks' status as holders in due course is insufficient to establish the likelihood of success on the merits. Such a finding makes unnecessary any inquiry into the possible harm plaintiff would suffer if the demands for payment are honored. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Lynch, JJ.