■ ATLANTIC CRAFT KITCHENS CORP., Appellant, v GUSTAV EICHHORN, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leviss, J.), dated March 29, 1985, which denied its motion for a preliminary injunction prohibiting the defendant from transferring title to and/or entering into a contract for the sale of the subject property, and (2) an order of the same court (Kassoff, J.), dated August 6, 1985, which denied its motion for a preliminary injunction prohibiting the defendant from taking any action or commencing any proceeding to evict the plaintiff from the subject property.

Orders affirmed, with one bill of costs.

The real property which is the subject of this action is located at 147-34 Archer Avenue, Jamaica, New York. On May 1, 1975, the plaintiff Atlantic Craft Kitchens Corp. (hereinafter the tenant) entered into a 10-year lease of the property with the defendant Gustav Eichhorn (hereinafter the landlord). Under its terms, the lease was to terminate on April 30, 1985 and contained the following provision: "In the event the landlord or his successors in title have the opportunity to make a bona fide sale of the demised premises, he or they shall give tenant ten days written notice of such proposed sale and the terms thereof. Tenant shall have the first option to purchase the demised premises within the above mentioned ten day period at the same price and on the same terms of any such proposal".

In July 1984 the landlord gave the tenant written notice that it had received an offer from a third party to purchase the property at a price of $180,000 and that the tenant had 10 days to match the offer if it wished to exercise its option to purchase.

After the tenant advised the landlord that it wished to purchase the property, the parties entered into a contract of sale for the sum of $180,000 on August 31, 1984, conditioned upon the tenant obtaining a conventional mortgage loan in the sum of $130,000. The contract further provided that "[i]n the event that the [tenant] cannot obtain a firm mortgage commitment from [a] lending institution by October 15, 1984, this contract shall be deemed null and void and of no further effect". The tenant provided $18,000 as a down payment. After failing to obtain the required mortgage commitment by the specified date, the tenant requested and received an extension of time to October 31, 1984 to secure the mortgage. The tenant again failed to obtain a mortgage commitment by the specified date and in a letter dated November 7, 1984, the landlord rejected the tenant's request that he take back a mortgage on the building, and he returned the down payment to the tenant.

On November 14, 1984, in view of a favorable response by a lending institution to its application for a mortgage, the tenant sought an additional extension of time to secure the mortgage and remitted to the landlord the $18,000 down payment. The landlord refused the tenant's request for a further extension of time and again returned the down payment.

In December 1984, the tenant commenced this action seek-

ing specific performance of the contract on the ground that it had obtained the required mortgage commitment in a timely manner on November 21, 1984.

On these appeals, the tenant challenges Special Term's denials of its applications for preliminary injunctive relief to prevent the landlord from proceeding with a sale of the premises and to preclude the landlord from taking any action to evict the tenant from the premises following the expiration of its lease pending a determination of the underlying action.

It is well established that the burden is on the movant requesting the extraordinary remedy of injunctive relief to satisfy three prerequisites, namely, (1) the likelihood of its ultimate success on the merits, (2) irreparable injury if preliminary injunctive relief is not granted, and (3) that a balancing of the equities favors the movant (see, Barone v Frie, 99 AD2d 129; Eljay Jrs. v Rahda Exports, 99 AD2d 408). The tenant herein did not satisfy its burden of establishing that it was entitled to the requested relief. Specifically, we agree with Special Term's findings that it is unlikely that the tenant will succeed on the merits in view of its failure to obtain a firm mortgage commitment by the agreed-upon deadline of October 31, 1984, or otherwise demonstrate that the landlord either breached the lease or improperly canceled the contract of sale which expressly provided that the agreement was null and void and of no further effect in the event that the tenant failed to obtain the required financing by the specified date.

Accordingly, the orders appealed from are affirmed. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.